```
 1              IN THE UNITED STATES COURT OF FEDERAL CLAIMS

 2

 3

 4   CONTINENTAL SERVICE GROUP, INC.,          )

 5             Plaintiff,                      )

 6                  vs.                        )

 7   COLLECTION TECHNOLOGY, INC.,  and         )

 8   PROGRESSIVE FINANCIAL SERVICES, INC.,     )

 9             Intervenor Plaintiff,           )

10                  vs.                        )

11   PIONEER CREDIT RECOVERY, INC.,            )

12             Consolidated Plaintiff,         )

13                  vs.                        ) Case Nos.

14   THE UNITED STATES OF AMERICA,             ) 17-449C

15             Defendant,                      ) 17-499C

16                  vs.                        )

17   CBE GROUP, INC.,                          )

18   PREMIERE CREDIT OF NORTH AMERICA, LLC,    )

19   GC SERVICES LIMITED PARTNERSHIP,          )

20   FINANCIAL MANAGEMENT SYSTEMS, INC.,       )

21   VALUE RECOVERY HOLDINGS, LLC, and         )

22   WINDHAM PROFESSIONALS, INC.,              )

23             Intervenor Defendants.          )

24

25        - and -
```

Continental Service Group, Inc. v. USA                                    5/2/2017

```
 1   ACCOUNT CONTROL TECHNOLOGY, INC.,        )
 2            Plaintiff,                       )
 3                 vs.                         )
 4   THE UNITED STATES OF AMERICA,            ) Case No.
 5            Defendant,                       ) 17-493C
 6                 vs.                         )
 7   PREMIERE CREDIT OF NORTH AMERICA, LLC,   )
 8   GC SERVICES LIMITED PARTNERSHIP,         )
 9            Intervenor Defendants.          )
10                                            )
11      - and -                               
12                                            
13   ALLTRAN EDUCATION, INC.,                 )
14            Plaintiff,                       )
15                 vs.                         )
16   THE UNITED STATES OF AMERICA,            ) Case No.
17            Defendant,                       ) 17-517C
18                 vs.                         )
19   PREMIERE CREDIT OF NORTH AMERICA, LLC,   )
20   GC SERVICES LIMITED PARTNERSHIP,         )
21            Intervenor Defendants.          )
22                                            )
23                                            )
24                                            )
25                                            )
```

For The Record, Inc.
(301) 870-8025 - www.ftrinc.net - (800) 921-5555

Continental Service Group, Inc. v. USA                    5/2/2017

```
 1                         Courtroom 5
 2           Howard T. Markey National Courts Building
 3                    717 Madison Place, N.W.
 4                       Washington, D.C.
 5                    Tuesday, May 2, 2017
 6                         5:30 p.m.
 7              Motions Hearing - P.M. Session
 8
 9
10          BEFORE:   THE HONORABLE SUSAN G. BRADEN
11
12
13
14    Sara J. Vance, CERT, Digital Transcriber
15
16
17
18
19
20
21
22
23
24
25
```

Continental Service Group, Inc. v. USA                    5/2/2017

```
 1    APPEARANCES:

 2

 3    ON BEHALF OF THE PLAINTIFF, CONTINENTAL SERVICE GROUP,

 4    INC.:

 5              TODD J. CANNI, ESQ.

 6              ALEXANDER B. GINSBERG, ESQ.

 7              MEGAN D. DOHERTY, ESQ.

 8              Pillsbury Winthrop Shaw Pittman, LLP

 9              725 South Figueroa Street, Suite 2800

10              Los Angeles, California  90017

11              (213)488-7213

12              todd.canni@pillsburylaw.com

13

14    ON BEHALF OF THE PLAINTIFF, ACCOUNT CONTROL TECHNOLOGY,

15    INC.:

16              TOWNSEND L. BOURNE, ESQ.

17              JONATHAN S. ARONIE, ESQ.

18              Sheppard Mullin Richter & Hampton, LLP

19              2099 Pennsylvania Avenue, NW, Suite 100

20              Washington, DC  20006-6801

21              (202)727-1900

22              tbourne@sheppardmullin.com

23

24

25
```

Continental Service Group, Inc. v. USA                                    5/2/2017

```
 1    APPEARANCES (Continued):

 2

 3    ON BEHALF OF THE PLAINTIFF, ALLTRAN EDUCATION, INC.:

 4            JAMES G. PEYSTER, ESQ.

 5            DANIEL R. FORMAN, ESQ.

 6            ROBERT SNECKENBERG, ESQ.

 7            Crowell & Moring, LLP

 8            1001 Pennsylvania Avenue, NW, 10th Floor

 9            Washington, DC  20004-2595

10            (202)624-2603

11            jpeyster@crowell.com

12

13    ON BEHALF OF THE INTERVENOR PLAINTIFF, PROGRESSIVE

14    FINANCIAL SERVICES, INC.:

15            THOMAS A. COULTER, ESQ.

16            NICOLE HARDIN BRAKSTAD, ESQ.

17            LeClair Ryan

18            Riverfront Plaza, East Tower

19            951 East Byrd Street

20            Post Office Box 2499

21            Richmond, Virginia  23218-2499

22            (804)916-7103

23            thomas.coulter@leclairryan.com

24

25
```

Continental Service Group, Inc. v. USA                              5/2/2017

```
 1     APPEARANCES (Continued):

 2

 3     ON BEHALF OF THE INTERVENOR PLAINTIFF, COLLECTION

 4     TECHNOLOGY, INC.:

 5               ANUJ VOHRA, ESQ.

 6               Covington & Burling, LLP

 7               One CityCenter

 8               850 Tenth Street, NW

 9               Washington, DC 20001-4956

10               (202) 662-5362

11               avohra@cov.com

12

13     ON BEHALF OF THE CONSOLIDATED PLAINTIFF, PIONEER CREDIT

14     RECOVERY, INC.:

15               JONATHAN D. SHAFFER, ESQ.

16               Smith Pachter McWhorter, P.C.

17               8000 Towers Crescent Drive

18               Suite 900

19               Tysons Corner, Virginia   22182

20               (703)847-6280

21               jshaffer@smithpachter.com

22

23

24

25
```

Continental Service Group, Inc. v. USA                        5/2/2017

```
 1    APPEARANCES (Continued):

 2

 3    ON BEHALF OF THE DEFENDANT:

 4            LAUREN S. MOORE, ESQ.

 5            PATRICIA MCCARTHY, ESQ.

 6            MICHAEL SNYDER, ESQ.

 7            U.S. Department of Justice - Civil Division

 8            Ben Franklin Station

 9            Post Office Box 480

10            Washington, DC 20044

11            (202)616-0333

12            lauren.moore@usdoj.gov

13

14    ON BEHALF OF THE INTERVENOR DEFENDANT, CBE GROUP, INC.:

15            JEFFERY M. CHIOW, ESQ.

16            STEPHEN BACON, ESQ.

17            Rogers Joseph O'Donnell, PC

18            875 15th Street, NW

19            Suite 725

20            Washington, DC  20005

21            (202)777-8952

22            jchiow@rjo.com

23

24

25
```

Continental Service Group, Inc. v. USA                              5/2/2017

```
 1    APPEARANCES (Continued):

 2

 3    ON BEHALF OF THE INTERVENOR DEFENDANT, PREMIERE CREDIT OF

 4    NORTH AMERICA, LLC:

 5              CRAIG A. HOLMAN, ESQ.

 6              Arnold Porter Kay Scholer LLP

 7              601 Massachusetts Avenue, NW

 8              Washington, DC  20001

 9              (202)942-5999

10              craig.holman@aporter.com

11

12    ON BEHALF OF THE INTERVENOR DEFENDANT, GC SERVICES

13    LIMITED PARTNERSHIP:

14              WILLIAM M. JACK, ESQ.

15              Kelly Drye

16              3050 K Street

17              Suite 400

18              Washington, DC  20007

19              (202)342-8521

20              wjack@kelleydrye.com

21

22

23

24

25
```

Continental Service Group, Inc. v. USA                          5/2/2017

```
 1    APPEARANCES (Continued):

 2

 3    ON BEHALF OF THE INTERVENOR DEFENDANT, FINANCIAL

 4    MANAGEMENT SYSTEMS, INC.:

 5              DAVID R. JOHNSON, ESQ.

 6              Vinson & Elkins, LLP

 7              2200 Pennsylvania Avenue, NW

 8              Suite 500-West

 9              Washington, DC  20037-1701

10              drjohnson@velaw.com

11

12    ON BEHALF OF THE INTERVENOR DEFENDANT, VALUE RECOVERY

13    HOLDINGS, LLC:

14              JAMES C. FONTANA, ESQ.

15              JAMES D'AGOSTINO, ESQ.

16              Dempsey Fontana, PLLC

17              8133 Leesburg Pike

18              Suite 500

19              Tysons Corner, Virginia  22181

20              (703)880-9172

21              jfontana@deftlaw.com

22

23

24

25
```

Continental Service Group, Inc. v. USA                              5/2/2017

```
 1    APPEARANCES (Continued):

 2

 3    ON BEHALF OF THE INTERVENOR DEFENDANT, WINDHAM

 4    PROFESSIONALS, LLC:

 5              DAVID T. RALSTON, JR., ESQ.

 6              Foley & Lardner, LLP

 7              3000 K Street, NW

 8              Suite 600

 9              Washington, DC  20007-5109

10              (202)295-4097

11              dralston@foley.com

12

13    ON BEHALF OF THE INTERVENOR DEFENDANTS, F.H. CANN AND

14    ASSOCIATES, INC., IMMEDIATE CREDIT RECOVERY, INC., CREDIT

15    ADJUSTMENTS, INC., AND PROFESSIONAL BUREAU OF COLLECTIONS

16    OF MARYLAND, INC.:

17              REBECCA E. PEARSON, ESQ.

18              CHRIS GRIESEDIECK, ESQ.

19              Venable

20              600 Massachusetts Avenue, NW

21              Washington, DC  20001

22              (202)344-8183

23              repearson@venable.com

24

25
```

Continental Service Group, Inc. v. USA                           5/2/2017

```
 1    APPEARANCES (Continued):

 2

 3    ON BEHALF OF NATIONAL RECOVERIES, INC.:

 4              EDWARD T. DELISLE, ESQ.

 5              Cohen Seglias

 6              United Plaza, 19th Floor

 7              30 South 17th Street

 8              Philadelphia, Pennsylvania  19103

 9              (215)564-1700

10              edelisle@cohenseglias.com

11

12    ON BEHALF OF COAST PROFESSIONAL, INC.:

13              MEGAN C. CONNOR, ESQ.

14              Piliero Mazza PLLC

15              888 17th Street, NW

16              11th Floor

17              Washington, DC  20006

18              (202)857-1000

19              mconnor@pilieromazza.com

20

21

22

23

24

25
```

Continental Service Group, Inc. v. USA                                    5/2/2017

```
 1    APPEARANCES (Continued):

 2

 3    ON BEHALF OF ACCOUNT CONTROL TECHNOLOGY, INC.:

 4              BEN CHEW, ESQ.

 5              Mannatt Phelps & Phillips, LLP

 6              1050 Connecticut Avenue, NW

 7              Suite 600

 8              Washington, DC 20036

 9              (202)585-6614

10              bchew@manatt.com

11

12

13    ALSO PRESENT:

14         Brian Walsh, Esq., for ACSI

15         Thomas L. McGovern, Esq., for Performant

16

17

18

19

20

21

22

23

24

25
```

Continental Service Group, Inc. v. USA                    5/2/2017

```
 1              P R O C E E D I N G S
 2                -   -   -   -   -
 3        (Proceedings called to order, 5:32 p.m.)
 4        THE COURT:  All right, I've been reading this,
 5   and I've found some editorial things I want to change, so
 6   we'll go through those first.  I'm not going to convene a
 7   big discussion about this.  I will just say that, in my
 8   view, it's the Plaintiffs' job to have put together a
 9   draft order that they all agreed on and to have sat down
10   with the Justice Department.  This is not what I'm
11   supposed to be doing, sitting here writing orders for
12   people that don't know what they want to do.  And I'm
13   really not happy about this.  Okay?  So everybody's going
14   to be unhappy with what I'm going to do.
15             On page 2, after -- it said following, the
16   first word "following," in the first paragraph of text,
17   it's going to say after.
18             In the "regarding the second factor" paragraph,
19   the second line, to the far right, after "this bid
20   protest" will be the See Florida cite, which is on page
21   3, in the wrong place.
22             Now, regarding the third factor, open and fair
23   competition in public procurements, plural.
24             Fourth factor, second line, period after
25   Plaintiff Intervenors.  Take out the "because."  New
```

Continental Service Group, Inc. v. USA                    5/2/2017

1    sentence, "a delay" in ED proceeding.

2           Justice Department person, in what way?  What,

3    how -- we need some text there, prior to announcing.

4    Proceeding with what?

5           Gentlemen, start your engines.

6           MS. MOORE:  I'm sorry, Your Honor.  Are you

7    talking about the second --

8           THE COURT:  What?

9           MS. MOORE:  -- the second paragraph on page 3?

10          THE COURT:  Three.  First paragraph, regarding

11   the fourth factor.  The balance of hardships weighs in

12   favor of Plaintiffs and Intervenor Plaintiffs, period.

13   Take out "because;" capital A, "A delay in ED

14   proceeding."  The question is with what.

15          VARIOUS SPEAKERS:  (Inaudible) I'm sure with

16   the new awards.

17          THE COURT:  Somebody give me a word.  Not

18   everybody talk at one time.

19          UNIDENTIFIED SPEAKER:  With performance on the

20   new contracts.

21          THE COURT:  With performance.

22          MS. MOORE:  On the 2016 awards.

23          THE COURT:  That goes for everybody?  Yes?  No?

24   Once, twice, sold.

25          UNIDENTIFIED SPEAKER:  Your Honor, I'm sorry,

Continental Service Group, Inc. v. USA                    5/2/2017

1     that made no sense to me.  A delay?

2                THE COURT:  A delay in ED proceeding with

3     performance on the 2016 awards, comma, prior to

4     announcing corrective action on May 19th, 2017, period.

5     Oh, no, then I take out "although."  May be disruptive to

6     some of the parties and borrowers.  But that is

7     outweighed by the economic harm to Plaintiffs and

8     Intervenor Plaintiffs and the public's need to have $2.8

9     billion worth of government contracts awarded pursuant to

10    law.

11               The -- for these reasons, the Court has

12    determined to wait.  Take out the additional sentence,

13    that all goes.  That's redundant.

14               MS. MOORE:  I'm sorry, take out which sentence,

15    Your Honor?

16               THE COURT:  In addition.

17               MS. MOORE:  That whole sentence?

18               THE COURT:  The whole sentence goes.  "See

19    Florida" goes, and go to the first page.  So it goes, for

20    these reasons, and then accordingly.

21               On number two, in the injunction, after 2017, I

22    didn't like "held by."  I said "and managed by."  Is that

23    a good word, Government?

24               MS. MOORE:  That were in service.

25               THE COURT:  I don't like "held by."

Continental Service Group, Inc. v. USA                    5/2/2017

```
 1              MS. MOORE:  Let me ask our agency counsel.

 2    Managed?

 3              UNIDENTIFIED SPEAKER:  Administered, I think.

 4              THE COURT:  "Administered" sounds good to me.

 5              MS. MOORE:  Yeah, I think that's -- okay,

 6    administered, Your Honor.

 7              THE COURT:  Once, twice, sold.  Okay.

 8              UNIDENTIFIED SPEAKER:  Administered.

 9              THE COURT:  And then I go down to "by blah-

10    blah-blah-blah-blah, Progressive Financial."  And then

11    I've got i.e., those accounts in-voluntary repayment and

12    that have not completed loan rehabilitation.  And the

13    rest of it stays the same.

14              And the last paragraph, "This order will remain

15    in effect by COB May 22nd, 2017, comma, the first working

16    day after the Department of Justice represented the ED

17    will file a notice announcing the correct -- announcing

18    corrective action."  And I'm going to take out in -- to

19    take.  So it's corrective action in response to the GAO's

20    whatever-it-is.  Okay.

21              MS. MOORE:  Your Honor, for number three?

22              THE COURT:  Yeah.

23              MS. MOORE:  First of all, are we on the record?

24              THE COURT:  We've been on the record.  Yes.

25              MS. MOORE:  Okay, I just want to make sure of
```

Continental Service Group, Inc. v. USA                    5/2/2017

1    that.  As the Court knows, we object to any injunction.

2    Number three especially seems to say that the Court is

3    directing that the Department award bridge contracts for

4    the parties listed in number two.  Whether --

5              THE COURT:  I'm not -- I'm not ordering you to

6    do anything.

7              MS. MOORE:  Well, there needs to be a date in

8    number three because --

9              THE COURT:  I've got a date in the next

10   paragraph, and it's until May 22nd.

11             MS. MOORE:  Well, number three says the

12   Department cannot prohibit parties listed in two from

13   servicing the month.

14             THE COURT:  What do you propose, Counsel?

15             MS. MOORE:  That they can't immediately snap

16   their fingers and then all of a sudden --

17             THE COURT:  Counsel, what do you propose?

18             MS. MOORE:  At least a week, Your Honor, for

19   that, to get --

20             THE COURT:  Give me a date.  You want a date.

21             MS. MOORE:  A week from today is May 9th.

22             THE COURT:  Until May 9th?

23             MS. MOORE:  From prohibiting parties beginning

24   on May 9th.

25             THE COURT:  Why don't you just put it at the

Continental Service Group, Inc. v. USA                          5/2/2017

1    end of the sentence?

2          MS. MOORE:  Say beginning on May 9th at the end

3    of the sentence?

4          THE COURT:  Until.

5          MS. MOORE:  Well, then, on May 9th, they can

6    prohibit the parties from doing this?

7          THE COURT:  Where do you want to put May 9th?

8          MS. MOORE:  From prohibiting the parties,

9    comma, beginning --

10         THE COURT:  You want to say prohibiting the

11   parties --

12         MS. MOORE:  -- on --

13         THE COURT:  -- as of?

14         MS. MOORE:  From prohibiting --

15         THE COURT:  Or until.

16         MS. MOORE:  -- parties listed in Paragraph 2,

17   comma, beginning on May 9th, 2017, comma, from servicing

18   the loans, et cetera, et cetera.  In other words, they

19   need some time to see, first of all, if they can even

20   award a bridge contract to these people, and secondly

21   they need time to actually do it.  It doesn't happen

22   overnight.

23         THE COURT:  Well, where do you want to put the

24   clause "beginning on"?

25         MS. MOORE:  After "listed in Paragraph 2."

Continental Service Group, Inc. v. USA                    5/2/2017

 1              THE COURT:  Okay.

 2              MS. MOORE:  So it says from prohibiting parties

 3     listed in Paragraph 2, comma, beginning on May 9th --

 4              THE COURT:  Okay, I got it.

 5              MS. MOORE:  -- 2017, comma, from servicing the

 6     loans.

 7              THE COURT:  All right.  And the next paragraph

 8     down, the order will remain in effect until COB May 22nd,

 9     that's the first working day.  That'll give you a chance

10     to give us notice, and if everybody wants to file

11     something over the weekend, they can.  To file notice

12     announcing corrective action in response to the decision.

13              Paragraph.  To the extent the provisions are

14     (inaudible) in conflict because the Government is now

15     governed -- and I need one more thing here.

16              MR. COULTER:  Your Honor, one small thing in

17     the previous paragraph.

18              THE COURT:  Just wait.

19              MR. COULTER:  Yes, ma'am.

20              (Brief pause.)

21              THE COURT:  All right.  Now, who stood up?

22              MR. COULTER:  I did.  Your Honor, in Paragraph

23     2 --

24              THE COURT:  I can't have two people talking at

25     me.  What do you need?

Continental Service Group, Inc. v. USA                    5/2/2017

```
 1              LAW CLERK:  Can you tell them to identify
 2     themselves?
 3              THE COURT:  Can you identify yourself for the
 4     record, please, since we don't have a court reporter
 5     here.
 6              MR. COULTER:  Yes, Your Honor.  Tom Coulter for
 7     Progressive Financial Services.  On Paragraph 3 on page
 8     3, the last line said refusing payment to the incumbent
 9     contractors.  That's a defined term that we deleted
10     earlier, and it should be the parties listed in Paragraph
11     2.
12              THE COURT:  Okay, you lost me.  Number 1, 2, or
13     3?
14              MR. COULTER:  One, 2, and 3, in Paragraph 3.
15              THE COURT:  Paragraph 3, and what do you want
16     to add?
17              MR. COULTER:  The first line says from
18     prohibiting parties listed in Paragraph 2, that same
19     terminology, "parties listed in Paragraph 2" should be
20     replaced on -- should be put in line 3, where it says
21     refusing payment to the incumbent contractors --
22              THE COURT:  I have no idea what you want me to
23     do.
24              MR. COULTER:  Can I show you?  It's just a term
25     that we --
```

Continental Service Group, Inc. v. USA                          5/2/2017

1          THE COURT:  I really don't have patience for

2     this with you guys.

3          MR. COULTER:  It's a term that we changed, and

4     I think --

5          THE COURT:  I know, but I shouldn't have had to

6     spend all day doing this.

7          MS. MOORE:  We agree with him, Your Honor.

8     He's correct.

9          THE COURT:  Where are you?

10          MR. COULTER:   Paragraph 3.

11          THE COURT:  Yes.

12          MR. COULTER:  Instead of incumbent contractors

13     on the last line, it should be the parties listed in

14     Paragraph 2.  We deleted that defined term.

15          THE COURT:  For refusing payments to the

16     parties?

17          MR. COULTER:  Listed in Paragraph 2.  And

18     that's consistent with the first line of that.

19          THE COURT:  You want to show the Government

20     that?

21          And the purpose of this -- yes, what's your

22     problem?

23          MR. CANNI:  I just wanted to clarify, did you

24     intend to omit this from the order, because you

25     recognized in the first part that that would harm the --

Continental Service Group, Inc. v. USA                                    5/2/2017

 1            THE COURT:  The Plaintiffs, go talk to the
 2    other guys who were there.
 3            MR. CANNI:  They haven't come up here.  So this
 4    was your prior (inaudible) --
 5            THE COURT:  All right.  Drafters, meet with him
 6    for two seconds.  I mean, I really -- you should have
 7    done this work yourself.  I'm not billing by the hour;
 8    you guys are.  I really resent being put in the position
 9    of having to do the work that you should have done, all
10    of you.
11            MR. CANNI:  Your Honor, we submitted an order.
12    I gave it to Rafael.
13            THE COURT:  Forget -- show it to one of them,
14    but pick one of them in here.
15            MR. CANNI:  I did.
16            THE COURT:  You stand up.  Covington, get up
17    here.
18            MR. CANNI:  I said --
19            THE COURT:  Look at this, what's his problem.
20    You're the only one that prepared anything.
21            (Brief pause.)
22            THE COURT:  We don't need to have three people
23    up here at once.
24            (Brief pause.)
25            THE COURT:  You better go see the Government

Continental Service Group, Inc. v. USA                    5/2/2017

1    before you see me.

2              MR. CANNI:   The Government's not going to agree

3    to that, Your Honor.

4              MS. MOORE:   Your Honor, we do have something in

5    this order that the Court just went over, and that is it

6    says at the very end of page 3, to the extent that the

7    provisions of this order conflicts with evidence

8    previously entered --

9              THE COURT:   I put "may conflict."

10             MS. MOORE:   Or may conflict, but by dismissing

11   Count 7, this order should completely supplant prior

12   orders.  Otherwise, Plaintiffs could argue that their

13   Count 7 is still viable and --

14             THE COURT:   They can argue that --

15             MS. MOORE:   -- the TRO based on that is

16   still --

17             THE COURT:   -- they can argue all they want.

18   I'm not changing anything more.  I have a separate

19   paragraph disposing of --

20             MS. MOORE:   As long as we don't know --

21             THE COURT:   I have a separate paragraph

22   disposing of them, and then I move to the injunction.

23             MS. MOORE:   Okay.

24             THE COURT:   They can argue anything else they

25   want about Paragraph 7 later on.  That's it.

Continental Service Group, Inc. v. USA                    5/2/2017

1            MS. MOORE:  All right.  I just wanted --

2            THE COURT:  I got it.

3            MS. MOORE:  -- to (inaudible) the Court's

4    interpretation on that.

5            THE COURT:  I got it.  I got it.

6            UNIDENTIFIED SPEAKER:  This is language we

7    didn't agree to (inaudible).

8            THE COURT:  Now what?

9            UNIDENTIFIED SPEAKER:  The language Mr. Canni

10   is referring to.

11           THE COURT:  Okay.  Then as far as I'm

12   concerned, it's off the table.

13           UNIDENTIFIED SPEAKER:  I'm not proposing that,

14   so that's fine.

15           THE COURT:  Okay.

16           UNIDENTIFIED SPEAKER:  Your Honor, a point of

17   clarification.  We're not arguing, but does this

18   injunction prevent the award term agreements that were --

19           THE COURT:  I cannot hear when other people are

20   talking.

21           UNIDENTIFIED SPEAKER:  Sorry.

22           THE COURT:  Let him speak, please.

23           UNIDENTIFIED SPEAKER:  Does the injunction

24   preclude the award term extension agreements that were

25   awarded on Friday and signed on Monday from moving

Continental Service Group, Inc. v. USA                    5/2/2017

1    forward?

2              MS. MOORE:  By its terms, it would not.

3              UNIDENTIFIED SPEAKER:  Okay.

4              MS. MOORE:  It would not.  It only talks about

5    the 2016 awards.

6              MR. FORMAN:  So, Your Honor, as written, this

7    allows the work to go forward with the small businesses

8    and to the --

9              THE COURT:  You want to add that sentence in?

10             MS. MOORE:  Yes, we should add that in.

11             THE COURT:  Well, somebody give some text,

12   please.

13             MS. MOORE:  All right.

14             THE COURT:  I'm not -- I can't --

15             MS. MOORE:  I will offer it right now.

16             THE COURT:  -- intuit your private thoughts.

17             UNIDENTIFIED SPEAKER:  Your Honor --

18             MS. MOORE:  I think at the end of page 3 --

19             THE COURT:  The Government's talking.  The rest

20   of you can go sit down.  Come here.  End of page 3?

21             MS. MOORE:  The end of page 3, the Court can

22   add a sentence.

23             THE COURT:  Okay.  What sentence do you want to

24   add now?

25             MS. MOORE:  Because Count 7 --

1            THE COURT:  We're back to Count 7.  That's off

2    the --

3            MS. MOORE:  No (inaudible) but the Court is the

4    Court.  Because Count 7 of Continental's complaint has

5    been dismissed, the TRO -- there is no injunction of work

6    being performed under uncontested contracts.

7            THE COURT:  That's not the point I thought was

8    being addressed.

9            MS. MOORE:  Well, Count 7 has been dismissed.

10           THE COURT:  Right.

11           MS. MOORE:  That was the count that was the

12   underlying claim for the Plaintiffs' request for a PI on

13   existing uncontested contracts.  They go hand in hand, so

14   by dismissing that Count 7, and there's no language here

15   enjoining the small business contractors, uncontested

16   contracts, or any other --

17           THE COURT:  Who gave me a thing saying that

18   this -- this is not meant to interfere with -- whatever,

19   with small business people?

20           MR. CANNI:  Right here, Your Honor.  In your

21   decision you just drafted, you wrote this right here.

22   You said you didn't want them to be able to circumvent

23   the --

24           THE COURT:  Well, I said that.

25           MR. FORMAN:  Yeah, and I think --

1             THE COURT:  And she wants to say something

2     else.

3             MR. CANNI:  She's going back to the original

4     argument.  But in your April 19th order, this is the

5     language that's missing here.  So you just -- you said

6     right here that you want to stop them from otherwise

7     transferring the work to another contracting vehicle, to

8     circumvent or move.  But it just didn't get included in

9     your order.

10            MS. MOORE:  If Count 7 has been dismissed --

11            MR. FORMAN:  That's not -- Your Honor, he

12    wasn't in the room.  He doesn't know what was included or

13    not included.

14            MS. MOORE:  -- if Count 7 has been dismissed --

15            THE COURT:  Well, you should have been talking

16    to the people and doing some drafting before here today.

17    Now, shouldn't you?

18            MR. FORMAN:  Well, Your Honor, we were

19    comfortable with the Department's representation on -- we

20    thought what the Department proposed is actually the

21    right solution, so we didn't think there was a need for a

22    PI, but we just want to clarify that it doesn't apply to

23    the award term extensions.

24            UNIDENTIFIED SPEAKER:  But that cuts us --

25            MS. MOORE:  Your Honor, by its terms, it does

Continental Service Group, Inc. v. USA                      5/2/2017

1    not.

2              MR. FORMAN:  Well, you guys had an award

3    term --

4              MS. MOORE:  And if Count 7 is dismissed, then

5    the divergent circumvention, whatever you want to call

6    it, kind of is gone.  It's gone; it's out of the Court --

7              UNIDENTIFIED SPEAKER:  But I don't think Your

8    Honor has ended that.

9              MS. MOORE:  So if we do that -- well, she

10   dismissed Count 7 --

11             MS. BOURNE:  We would disagree with that.  We

12   don't have a Count 7.

13             MS. MOORE:  -- that's what Count 7 says.

14   That's what Count 7 says.

15             MR. FORMAN:  Yeah, so read right here --

16             MS. MOORE:  Yeah, I know what --

17             MR. HOLMAN:  Your Honor?  May I speak very

18   briefly on behalf of the Defendant Intervenors for the

19   record?

20             THE COURT:  No.  No.  The Government was there

21   speaking.

22             MS. MOORE:  The task order issued.

23             MR. HOLMAN:  My interests, Your Honor, are not

24   aligned with the Government, obviously.

25             MS. MOORE:  Yeah, but she's dismissed that

1    count, so there's no circumvention argument anymore.

2              MR. CANNI:  No, it's in her order.  She said

3    she's granting the irreparable -- finding irreparable

4    harm and wants to prevent transfers to any other

5    contracts, but that doesn't -- that doesn't appear in the

6    order.  It doesn't appear in the --

7              MS. MOORE:  It's not -- it's not prohibited.

8              MR. CANNI:  So either -- either that has to

9    come out --

10             MS. MOORE:  It's not prohibited because Count 7

11   was dismissed.

12             MR. CANNI:  I think your version of Count 7 is

13   dismissed, the CDA --

14             MS. MOORE:  It says what it says.  The plain

15   language talks about diversion and circumvention and all

16   that.  That's been dismissed.

17             THE COURT:  I've given you an opportunity to

18   come back and add it at some later point if you want to.

19             MS. MOORE:  Your Honor --

20             THE COURT:  I'm trying to get to -- I'm trying

21   to get to May 19th.

22             MR. CANNI:  I'm just trying to reconcile your

23   order.  Right here, you're saying you want to stop them

24   from transferring the work to another vehicle.

25             THE COURT:  I know what I said before.

Continental Service Group, Inc. v. USA                          5/2/2017

1                    MR. CANNI:  Okay.

2                    THE COURT:  This is what the group negotiated

3       upstairs, and the Plaintiffs and Plaintiff Intervenors

4       seemed to be happy with that.

5                    MR. CANNI:  But the Plaintiff wasn't there.

6                    THE COURT:  And your Count 7 is gone for today.

7                    MR. CANNI:  Okay.

8                    THE COURT:  Yes, sir.

9                    MR. HOLMAN:  Yes, Your Honor.

10                    THE COURT:  And who is the person standing

11      behind you?

12                    MS. BOURNE:  I represent Account Control

13      Technology.  I just wanted to clarify --

14                    THE COURT:  Who?

15                    MS. BOURNE:  Account Control Technology,

16      another Plaintiff in the case.  We were supposed to argue

17      this afternoon but we never did.

18                    THE COURT:  Well, where -- who was -- where

19      were you this afternoon?

20                    MS. BOURNE:  We were -- we were here, Your

21      Honor.

22                    THE COURT:  All right, go.

23                    MR. HOLMAN:  I'll be very quick, Your Honor.

24                    THE COURT:  You will be quick.

25                    MR. HOLMAN:  On behalf of my client, Premiere

Continental Service Group, Inc. v. USA                          5/2/2017

1   Credit, I would like to state my concern, Your Honor.

2   Our interests are not aligned, in fact, with the U.S.

3   Government on this issue.  What has happened, so far as I

4   can tell, is a group of interested Plaintiff Intervenors

5   were allowed to participate in crafting an order and

6   until --

7           THE COURT:  I asked the Plaintiffs to come with

8   the Government.

9           MR. HOLMAN:  I understand, Your Honor.

10          THE COURT:  Okay?  Don't get all --

11          MR. HOLMAN:  I understand, Your Honor.

12          THE COURT:  -- lathered up about this.

13          MR. HOLMAN:  I'm not lathered up about it, Your

14  Honor, but I do want to make this point because the last

15  statement that was made in this courtroom before you did

16  that --

17          THE COURT:  Well, I can tear this up and just

18  enjoin everything, period, across the board and not have

19  any -- we'll go back -- take back what I gave you two

20  Fridays ago.

21          MR. HOLMAN:  Your Honor, what I would like this

22  Court to understand from my perspective --

23          THE COURT:  Which causes a problem for the

24  people who hadn't gotten into the case.

25          MR. HOLMAN:  From my perspective, I want this

Continental Service Group, Inc. v. USA                    5/2/2017

1    Court to understand just very quickly on the record that
2    what was said to -- by these Plaintiff Intervenors to the
3    Court about GAO's holding in the status of the law is
4    incorrect.  I --
5                MR. SHAFFER:  How would you know that?  You
6    weren't there.
7                Excuse me, Your Honor, but he's making
8    statements about what me or people (inaudible) --
9                THE COURT:  I read the -- I read the GAO order
10   last night.
11               MR. SHAFFER:  That's not -- you can't have said
12   that.  You weren't there.
13               UNIDENTIFIED SPEAKER:  It's in the order.
14               MR. HOLMAN:  I'm going to -- I can read the
15   GAO's decision.  My client, Premiere Credit, is one of
16   the highest rated companies.  There is no finding of
17   anything improper with my client's contract.  And I will
18   read to this Court as to what GAO's policy is and also --
19               THE COURT:  What -- the GAO decision is in the
20   record, I don't need to hear it again.
21               MR. HOLMAN:  I understand.  I'm not going to
22   read from that, Your Honor, but I want to read from a
23   decision by Judge Bruggink of this Court, talking to
24   what --
25               THE COURT:  I don't care what Judge Bruggink

Continental Service Group, Inc. v. USA                    5/2/2017

1    said in this court in any other case before.  Look at the

2    Federal Circuit case that was filed yesterday.

3           MR. HOLMAN:  I under -- Your Honor, I

4    understand what the Court said yesterday.  I saw that

5    decision.

6           THE COURT:  Thank you for your argument,

7    Counsel.

8           MR. HOLMAN:  Yes, Your Honor.

9           THE COURT:  Now, who are you?

10          MR. JOHNSON:  Your Honor, I'm Dave Johnson for

11   FMS, for the Defendant Intervenors.  We didn't receive

12   anything last time.  We have our current contract that is

13   ongoing from the ATEs.  We would be perfectly happy with

14   the complete injunction.  As it stands now, this document

15   is doing exactly what the Government came in with this

16   morning, which we understood was unacceptable, and we

17   were not invited to the meeting in Chambers to negotiate.

18   We have a different interest than the Government.

19          THE COURT:  I asked all the Plaintiffs and

20   Plaintiff Intervenors to come forward.

21          MR. CANNI:  We completely misunderstood you,

22   Your Honor.  We -- the Plaintiffs -- we thought you only

23   wanted the Intervenors, and we didn't go back there with

24   you.

25          MR. JOHNSON:  And we are a Defendant Intervenor

Continental Service Group, Inc. v. USA                    5/2/2017

1    over here.  Unfortunately, this -- Your Honor, this was

2    done without any consultation with us.  We have a -- we

3    are aligned with other Defendant Intervenors but have a

4    slightly different interest because we are in a different

5    situation then the three.  We have a very different view

6    than the Government on this.

7              THE COURT:  All right.  I am going to dismiss

8    Count 7, and I'm going to enter an injunction, and I'm

9    going back to the original language on everything.

10             MS. PEARSON:  Your Honor, if that's the case --

11   this is Rebecca Pearson for the small business

12   intervenors.  We were scheduled to have a motion to

13   intervene and thought that your order would obviate the

14   need for that.

15             THE COURT:  It's five of 6:00 right now.  I had

16   to cancel a doctor's appointment in order to stay this

17   long.  I don't know what else you want from me.  This is

18   not -- it is not my job to administer these contracts.

19             MS. MOORE:  Your Honor, we think this

20   represents a fair and balanced way of addressing all the

21   concerns.

22             THE COURT:  Well, apparently, not everybody

23   shares your views.  I don't know what happened with the

24   rest of these people.  I don't know how clear I could

25   have been.

Continental Service Group, Inc. v. USA

1           You're scowling.  What's your problem?

2           MR. FONTANA:  Nothing, Your Honor, just want

3  to weigh in.  Jim Fontana.  I represent Defendant

4  Intervenor Value Recovery Holdings.  And I agree with the

5  other Intervenors that we would rather have a total

6  injunction --

7           THE COURT:  Okay.

8           MR. FONTANA:  -- rather than --

9           THE COURT:  I'm going to enjoin everything

10  tonight.  The rest of you figure out something for me to

11  enter tomorrow.

12           MS. PEARSON:  Your Honor, I just want to raise

13  one other -- one other issue.

14           THE COURT:  I --

15           MS. PEARSON:  I brought two people from the

16  client --

17           THE COURT:  You don't even have status today.

18  The end.

19           MS. PEARSON:  I --

20           THE COURT:  Would you remove her, please, from

21  the courtroom.

22           MS. PEARSON:  Yes.

23           MARSHAL:  Ma'am, please.

24           MS. PEARSON:  Yes, Your Honor.

25           THE COURT:  I've not had a chance to grant your

Continental Service Group, Inc. v. USA                          5/2/2017

```
 1    intervention.  Enough is enough.
 2            So we're going to write a one-sentence.  We're
 3    going to issue a permanent injunction for tonight,
 4    pending the parties' discussion among themselves to
 5    finalize a draft that the Court circulated late this
 6    afternoon.  Work it out.  I'm done.
 7            MS. MOORE:  Your Honor, is it preliminary or
 8    permanent?  No one has asked for a permanent.
 9            THE COURT:  It is a preliminary injunction for
10    one day.  One day.  Based upon this record that we've
11    made, the Court endeavored to work with all the
12    Plaintiffs and Plaintiff Intervenors and the Government.
13    I thought we had an agreement.  Apparently, some people
14    were left out.  So you better huddle with them tonight.
15    Good luck.  Find a place to go work.
16            I'm out.  I'm not spending any more time on
17    this.  I'm finished with you all.  You're dismissed.
18            MR. RALSTON:  Thank you, Your Honor.
19            MR. SHAFFER:  Thank you, Your Honor.
20            (Court in recess at 5:56 p.m.)
21
22
23
24
25
```

Continental Service Group, Inc. v. USA                    5/2/2017

```
 1                    CERTIFICATE OF TRANSCRIBER

 2

 3           I, Sara J. Vance, court-approved transcriber,

 4    certify that the foregoing is a correct transcript from

 5    the official electronic sound recording of the

 6    proceedings in the above-titled matter.

 7

 8

 9

10    DATE:   5/8/2017              S/Sara J. Vance

11                                  SARA J. VANCE, CERT

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```