# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| CONTINENTAL SERVICES GROUP, INC. AND PIONEER CREDIT RECOVERY, INC., <br><br> Plaintiffs, <br><br> PERFORMANT RECOVERY, INC., COLLECTION TECHNOLOGY, INC., ALLTRAN EDUCATION, INC., AND PROGRESSIVE FINANCIAL SERVICES, INC., <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant, <br><br> THE CBE GROUP, INC., PREMIERE CREDIT OF NORTH AMERICA, LLC, GC SERVICES LIMITED PARTNERSHIP, FINANCIAL MANAGEMENT SYSTEMS, INC., VALUE RECOVERY HOLDINGS, LLC, WINDHAM PROFESSIONALS, INC., AND AUTOMATED COLLECTION SERVICES, INC., <br><br> Intervenor-Defendants. | Case Nos. 17-449, 17-499, 17-493, 17-517, 17-578, 17-588, 17-633 <br> Consolidated <br> Judge Thomas C. Wheeler |

### INTERVENOR-DEFENDANT THE CBE GROUP, INC.'S NOTICE OF MOTION FILED IN THE FEDERAL CIRCUIT

The CBE Group, Inc. (CBE) earlier today filed a Motion before the Federal Circuit (see 17-2155, Dkt#311) seeking clarification and/or amendment of a written order issued by the United States Court of Appeals for the Federal Circuit on December 8, 2017.

1445951.1

That order held that "Appellants' requests are GRANTED insofar as the preliminary injunction enjoined "transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest." The Federal Circuit was right to lift the injunction in place over the small business contractors. The Federal Circuit created a new injunction, however, which causes discrete and substantial harm to CBE. This altered injunction creates an improper windfall for Alltran and Pioneer, two companies whose contracts ED ended early in 2015, recalling each of their accounts based upon adverse audit findings.

CBE has always supported the placement of defaulted student loan accounts with the eleven small business awardees who were unfortunately caught up in this litigation. But CBE has asked the Federal Circuit to either reconsider itself, or remand to this Court the question of whether work under the awards to Alltran and Pioneer, made during the pendency of this litigation, should still be enjoined. Both Alltran and Pioneer were disappointed offerors in this procurement. Every other offeror, whether it submitted a winning proposal or not, must wait for ED to complete its corrective action. Allowing two disappointed offerors who have not collected defaulted loans for ED for over two-and-half years to jump to the head of the line based *upon awards that did not exist when this protest began* or before the injunction was in place, works a fundamental injustice.

This is especially unfair because their awards were based on nothing more than ED's desire to resolve litigation, and were made under authority that expired on October 22, 2014. Moreover, it is completely irrational to send, as ED did this weekend, an unprecedented 325,000 plus accounts to these two companies both of whom have to ramp up

from their current benchmark of zero defaulted accounts collected in the last two-and-a-half years.

CBE plans to file this week a Complaint renewing its challenge to the legality of the ATE contracts at issue here. CBE had previously voluntarily dismissed its complaint on this point in 2015 based upon one of ED's many promises that awards were "weeks away." Now, two and a half years later, and after a series of promises and sworn statements that corrective action was imminent, the Government's counsel told the Federal Circuit on Friday he had "no idea" when corrective action will be complete, though the Department of Justice "think[s] it's safe to say it will take less than a year…"

For the reasons set forth in the Motion filed with the Federal Circuit earlier today, CBE believes that allowing Alltran and Pioneer to proceed is unreasonable, fundamentally unfair, and it removes any incentive for the Agency to complete its long-promised corrective action.

Recalling in-repayment accounts from CBE or any other PCA that has submitted a proposal during corrective action and thus has a chance of award adds insult to injury and makes no sense. Alltran and Pioneer have already been given far more work than they possibly can handle. Recalling in-repayment accounts will disrupt arrangements between borrowers and incumbent PCAs just so those accounts can sit at the back of a long queue.

3445951.1

CBE's counsel will be prepared to discuss these matters during the upcoming status conference.

Dated:  December 11, 2017            Respectfully submitted,


By:  \_\_//s// Jeffery M. Chiow_____


**ROGERS JOSEPH O'DONNELL, P.C.**
Jeffery M. Chiow (Counsel of Record)
Neil H. O'Donnell
Lucas T. Hanback
Stephen L. Bacon

875 15th Street NW, Suite 725
Washington, DC 20005
Tel: (202) 777-8952
Fax: (202) 347-8429
Email: jchiow@rjo.com

*Attorneys for Plaintiff The CBE Group, Inc.*