# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC.<br>and<br>PIONEER CREDIT RECOVERY, INC.<br><br>        Plaintiffs,<br><br>and<br><br>COLLECTION TECHNOLOGY, INC.,<br>PROGRESSIVE FINANCIAL SERVICES, INC.<br>and<br>ALLTRAN EDUCATION, INC.<br>        Intervenor-Plaintiffs,<br><br>    v.<br><br>UNITED STATES<br><br>        Defendant,<br><br>CBE GROUP, INC.;<br>PREMIERE CREDIT OF NORTH AMERICA, LLC;<br>GC SERVICES LIMITED PARTNERSHIP;<br>FINANCIAL MANAGEMENT SYSTEMS, INC.;<br>VALUE RECOVERY HOLDINGS, LLC;<br>and<br>WINDHAM PROFESSIONALS, INC.,<br><br>        Intervenor-Defendants. | No. 17-449<br><br>(Judge Wheeler) |

**<u>PLAINTIFF'S MOTION TO AMEND THE COURT'S ORDER OF DECEMBER 12, 2017 TO IMPOSE A TOTAL CAP OF 140,000 TRANSFERS PER MONTH ON ED'S TRANSFER ACTIVITY</u>**

Continental Service Group, Inc. ("ConServe" or "Plaintiff") hereby moves the Court to amend its Order of December 12, 2017 to impose a total cap of 140,000 transfers per month on the Department of Education's ("ED") transfer activity.

In its Order dated December 12, 2017, the Court expressed its displeasure with the significant delays associated with the announced corrective action, which now is overdue by more than three months, and ordered that the Department of Education ("ED") complete its long-anticipated corrective action by January 11, 2018. *See* Dkt. No. 215.

While we recognize that this Court only very recently acquired this case, if past is prologue, ED will not move expeditiously to meet this Court's reasonable deadline and will continue to dilute the enjoined contract in the interim. ED likely will proceed with no urgency and its key personnel will use their "use or lose" vacation during the next several weeks setting up a course of events where the Department of Justice ("DOJ"), on behalf of ED, appears before this Court during the week of January 8th with yet another request for more time, holding out that the corrective action will be completed imminently.

Further delays are even more likely now that prong two of the injunction has been temporarily lifted by the Court of Appeals for the Federal Circuit (without any explanation for its decision), which ED immediately seized on over last weekend and ***transferred approximately one-million accounts*** to the 11 small businesses and the two recently awarded Award-Term Extension contracts ("ATEs"), which apparently do not possess an Authority To Operate and, thus, cannot even perform the work. ED's behavior over the last nine months suggests that, more than likely, ED is going to continue proceeding at its own pace and, if that pace does not align with the Court's order, ultimately ask this Court for forgiveness. The saying, "It's better to beg for forgiveness than to ask for permission" resonates here.

1

While we genuinely hope that ED moves expeditiously to complete corrective action and that it does not make any further transfers in the interim, facing irreparable harm, as detailed in the Declaration appended to its Complaint, ConServe cannot sit idle and seeks some protection by this Court. We submit that during the pendency of proceedings before this Court while we await new award decisions, returning ED's account transfer activity to the *status quo* before the illegal awards were made is a fair and reasonable outcome. Notably, the imposition of a reasonable cap is what ConServe advocated for during the preliminary injunction hearing before this Court on May 22, 2017. Prior to the improper awards, the five ATE contractors received appropriately two-thirds of all available account transfers each month, with the 11 small businesses sharing the remaining one-third. Based on our reviews of the historical transfer data, attached to our Complaint as Exhibit 1, we submit that a fair and reasonable cap is a not-to-exceed ("NTE") cap of 140,000 transfers per month, which also was the amount requested by counsel for the small businesses during the hearing on May 22, 2017. *See* May 22, 2017 Hr'g Tr. at 60:18-24.

Importantly, the two recently awarded ATEs to Alltran and Pioneer were not in existence at that time and only came into existence in May of 2017 and, thus, any return to the *status quo* does not involve their receipt of any account transfers.[1] However, so long as ED is capped at no more than 140,000 transfers per month, it is immaterial to ConServe how those transfers are allocated, whether among the smalls or among the smalls and the two ATEs. ***If this cap is not imposed, ConServe believes that ED will perform at least another release of accounts before January 11, 2018, and anticipates that ED will release another million transfers***.

---

[1] ConServe protested these awards (Case No. 17-664), arguing that they were unjustified and improper limited-source awards; after the court dismissed that protest for lack of standing, which decision ConServe believes was erroneous, it filed a notice of appeal to the Federal Circuit.

The current procurement already has been diluted significantly by ED's improper siphoning activity; allowing further siphoning while we hope for the long-awaited corrective action is unfair to the ultimate awardees of this procurement. Accordingly, ConServe respectfully requests that the Court's order be amended to ***impose a NTE total cap of 140,000 transfers per month to any and all contractors***.

I. **This Court Has Broad Authority To Tailor Appropriate Injunctive Relief**

The Tucker Act, 28 U.S.C. § 1491(b)(2), grants the COFC broad authority to provide injunctive relief that it determines to be appropriate under the circumstances. Specifically, the Tucker Act provides the COFC with broad authority to "award ***any relief that the court considers proper***, ***including*** declaratory and ***injunctive relief*** . . . ." 28 U.S.C. § 1491(b)(2) (emphasis added).

The Federal Circuit recognized this broad grant of authority in *Turner Constr. Co., Inc. v. United States*:

> The Tucker Act also explicitly empowers the court to '***award any relief that the court considers proper, including*** declaratory and ***injunctive relief*** . . . .' *Id.* § 1491(b)(2) (emphases added). Thus, once jurisdiction attaches, the Court of Federal Claims has ***broad equitable powers to fashion an appropriate remedy***. We give deference to the Court of Federal Claims' decision to grant or deny injunctive relief, only disturbing its decision if it abused its discretion.

645 F.3d 1377, 1388 (Fed. Cir. 2011) (emphasis on "any relief" in original; other emphases added).

Under these unique circumstances involving parallel procurements for the same work, this Court can and should "fashion an appropriate remedy" here and grant the requested relief for the reasons set forth below.

3

## II. The Requested Cap Is Reasonable and Preserves the *Status Quo*

The cap requested herein is reasonable and merely returns things to the *status quo* at the time of the illegal awards. As depicted in Attachment 1 to ConServe's Complaint, the historical transfer data illustrates that the five large business contractors received approximately two-thirds of all account transfers each month. In terms of raw numbers, the small business contractors received no more than 140,000 total transfers in any month. Frankly, this cap should have been imposed as requested by ConServe during the May 22 hearing. However, ED opposed any cap, despite that both ConServe and the small businesses were amenable to such. As a result, the Court simply ordered a full stop on all transfers, which too was reasonable and, had ED moved expeditiously, only would have been in place for a few months. Thus, it is eminently reasonable for this Court now to impose such a cap, particularly given ED continues to delay its completion of corrective action and new awards.

As the Court knows, despite learning in March 2017, that the GAO issued a decision, which reflected a **wholesale condemnation of the procurement**, ED delayed until May to inform the court that it intended to take corrective action. And then ED took another month even to announce the specific corrective action it intended to take. At that time, ED initially represented that it would complete its corrective action by August 25, 2017. August has come and gone with no meaningful indication from ED as to when awards will be made.

If the past is any indication, ED will not move expeditiously to complete corrective action and will continue to siphon off work from this procurement. Rather, in the coming weeks, ED will release another million accounts and, thereafter, through DOJ, will request another 30 days, given delays encountered over the holidays. Imposing a cap on transfers going forward will mitigate the continuing harm to the ultimate awardees through ED's siphoning activity.

Indeed, at the December 8, 2017 oral argument before the U.S. Court of Appeals for the Federal Circuit, Judge Dyk, during an exchange with undersigned counsel, effectively endorsed the use of such a cap, stating as follows (emphasis added):

> What you are complaining about is the potential, I guess, that the small businesses would get more business than they would have otherwise as a result of the corrective action or actions by the government and that you wanted to make sure that they didn't, transfer the business, the accounts, to the small businesses. ***That would seem perhaps to justify an injunction saying well the small businesses have to get the same amount they were getting before <u>they can't get anything additional</u>*** . . . .

### III. Conclusion

For the foregoing reasons, ConServe respectfully moves this Court to impose the requested cap set forth above.

Dated: December 14, 2017

Of Counsel:

Richard B. Oliver
J. Matthew Carter
Aaron S. Ralph
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
(213) 488-7102
(213) 629-1033 (fax)
richard.oliver@pillsburylaw.com
matt.carter@pillsburylaw.com
aaron.ralph@pillsburylaw.com

Alexander B. Ginsberg
Meghan D. Doherty
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard

Respectfully submitted,

/s/ Todd. J. Canni
Todd. J. Canni
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
(213) 488-7213
(213) 629-1033 (fax)
todd.canni@pillsburylaw.com

*Attorney of Record for Continental Service Group, Inc.*

McLean, VA 22102-4859
(703) 770-7521
(703) 770-7901 (fax)
alexander.ginsberg@pillsburylaw.com
meghan.doherty@pillsburylaw.com

**PROPOSED ORDER**

Upon consideration of the Motion to Amend the Court's Order of December 12, 2017, the Motion is GRANTED. Accordingly:

(1) Until the corrective action is completed in this protest and new awards are made, the Department of Education shall not transfer more than 140,000 accounts in total per month.

**IT IS SO ORDERED.**

Dated: _____

_____
**Thomas C. Wheeler**
**Judge**
United States Court of Federal Claims

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties electronically via the CM/ECF system on this 14th day of December 2017.

/s/ Todd J. Canni<br>
Todd J. Canni