IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| CONTINENTAL SERVICE GROUP, INC., and PIONEER CREDIT RECOVERY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| COLLECTION TECHNOLOGY, INC., PERFORMANT RECOVERY, INC., ALLTRAN EDUCATION, INC., and PROGRESSIVE FINANCIAL SERVICES, INC., | ) ) ) ) ) | |
| Plaintiff-Intervenors, | ) ) | |
| v. | ) ) | Nos. 17-449C; 17-499C; 17-493C; 17-517C 17-578C; 17-558C; 17-633C |
| THE UNITED STATES, | ) | Consolidated |
| Defendant, | ) ) | Judge Wheeler |
| and | ) ) | |
| CBE GROUP, INC., FINANCIAL MANANGEMENT SYSTEMS, INC., GC SERVICES LIMITED PARTNERSHIP, PREMIERE CREDIT of NORTH AMERICA, LLC, VALUE RECOVERY HOLDINGS, LLC, and WINDHAM PROFESSIONALS, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendant-Intervenors. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO CAP ACCOUNT TRANSFERS

Pursuant to the Court's order dated December 15, 2017, defendant, the United States,

respectfully files this response in opposition to the motion of plaintiff Continental Service

Group, Inc (Continental) to impose a maximum number of defaulted loan accounts that may be

assigned or transferred by the Department of Education (ED).

In its motion, Continental ignores the settled precedent requiring this Court "to assume

that the Government would carry out the corrective action in good faith," *Chapman Law Firm*

*Co. v. Greenleaf Construction Co.,* 490 F.3d 934, 940 (Fed. Cir. 2007), and instead speculates

that "ED will not move expeditiously to meet this Court's reasonable deadline and will continue

to dilute the enjoined contract in the interim." Cont. Mot. at 1.[1]  But Continental omits mention

of the Court's admonition in August 2017, made in direct connection with this Court's review of

the agency's corrective action, that "[a]lthough ED appears to be midway in reevaluating the

proposals, it should take whatever time it deems necessary to make a reasoned decision to

comply with all statutory obligations and to serve the public interest." *Automated Collection*

*Servs., Inc. v. United States (ACS)*, 133 Fed. Cl. 231, 234 (2017).

In lieu of the "'well-nigh irrefragable proof'" necessary "to induce a court to abandon

the presumption of good faith," *T & M Distributors, Inc. v. United States,* 185 F.3d 1279, 1285

(Fed. Cir. 1999) (quoting *Kalvar Corp. v. United States*, 211 Ct. Cl. 192, 543 F.3d 1298, 1301-

02 (1976)), Continental supplies only an unsupported prediction that "ED likely will proceed

with no urgency and its key personnel will use their 'use or lose' vacation during the next

several weeks . . . ." Cont. Mot. at 1.  "ED's behavior over the last nine months," Continental

continues, "suggests that, more than likely, ED is going to continue proceeding at its own pace

and, if that pace does not align with the Court's order, ultimately ask this Court for

forgiveness." *Id*.  But "ED's behavior over the last nine months" has been consistent with the

---

[1]   "Cont. Mot." refers to Continental's motion to cap account transfers.  "Cont. App.
Br." refers to Continental's appellate brief, filed with the Federal Circuit on November 22, 2017.

Court's admonition in *ACS*, 133 Fed. Cl. at 234, and the possible existence of "use or lose"

annual leave for Federal employees is not a basis for the Court to find that ED will act in bad

faith and deliberately defy this Court's December 12, 2017 order regarding the completion of

corrective action.  Such a finding would also be contrary to ED's statement, made in a recent

sworn declaration, that it intends to complete the corrective action by January 11, 2018.

Exhibit A (Decl. Bradfield, at ¶ 3).  This improper predicate for Continental's motion, alone,

provides grounds for denial of the motion.

Next, Continental asserts without support that the two award-term extension (ATE)

contracts awarded to Pioneer Credit Recovery, Inc. (Pioneer) and Alltran Education, Inc.

(Alltran) in *Coast Professionals, Inc. v. United States,* No. 15-207 (Fed. Cl.), are being

performed without authority.  As Patrick Bradfield, Head of the Contracting Activity responsible

for all Federal Student Aid procurement, states in the attached declaration, both ATE contractors,

Alltran and Pioneer, are operating under a valid Authority to Operate.  Exhibit A (Decl.

Bradfield, at ¶ 2).  Moreover, as Continental acknowledges in a footnote, the Court held in

*Continental Service Group, Inc. v. United States,* No. 17-664, 2017 WL 5988050 at *10 (Fed. Cl.

Dec. 4, 2017) (appeal pending), that Continental lacks standing to challenge the ATE awards.

Cont. Mot. at 2 n.1.  A party must meet the threshold jurisdictional requirements to challenge a

procurement in order to receive an injunction over such procurement.  *See U.S. Ass'n of*

*Importers of Textiles v. United States Dep't of Commerce,* 413 F.3d 1344, 1349-50 (Fed. Cir.

2005) (trial court must determine jurisdictional issues before issuing any injunction); *Rex Serv.*

*Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 1996) (setting forth bid protest

requirements). This Court has determined that Continental has failed to meet these requirements.

*Continental*, 2017 WL 5988050 at *10.  That Continental is taking a separate appeal from the

Court's judgment of dismissal in Court No. 17-664 in no way entitles Continental to the

extraordinary and unprecedented relief it seeks in these consolidated cases.

Moreover, just as Continental lacks standing to challenge the ATE awards, *see*

*Continental*, 2017 WL 5988050 at *10, it has never challenged the contract awards to the 11

small businesses whose contract terms Continental now asks this Court to rewrite with

judicially-imposed caps on the number of transfers each contractor may receive.  As an initial

matter, as it has from the beginning of this protest litigation, Continental has failed in its

motion to identify any source of legal authority that would allow this Court to enjoin lawfully

awarded contracts that are not subject to this Court's jurisdiction.  Indeed, as recently as

December 8, 2017, Continental was presenting oral argument in opposition to National

Recoveries, Inc's appeal of the Court's denial of its motion to intervene in *Continental Service*

*Group v. United States*, Fed. Cir. 2017-2391.  Continental argued to the  Federal Circuit that

the contracts held by National Recoveries and the other small businesses are so attenuated and

unrelated to the subject-matter of this litigation that the small businesses do not  have standing

to intervene in this litigation.  *See* Exhibit B (Continental's brief filed in Fed. Cir. No. 2017-

2391, at ECF pages 9-10, 26-28).  Yet now, in its motion, Continental demands that this Court

impose "a total cap of 140,000 transfers per month," Cont. Mot. at 1, on the accounts that may

be placed on the small business and ATE contracts.  Continental cites no authority that would

permit this Court to micromanage ED's Federal Student Aid program and wade into areas of

contract administration that Congress clearly committed to the agency under the Contract

Disputes Act.  *See generally Axiom Res. Mgmt., Inc. v. United States,* 564 F.3d 1374, 1384

(Fed. Cir. 2009) ("Supreme Court has warned against undue judicial interference with the

lawful discretion given to agencies.").

Continental contends that "returning ED's account transfer activity to the *status quo* before the illegal awards were made is a fair and reasonable outcome." Cont. Mot. at 2. But Continental misstates that *status quo*. At no time, either before the challenged procurement, or during proceedings at the Government Accountability Office (GAO), or any other time since this Court entered its injunctive relief in March 2017 have the 11 small business contracts and two ATE contracts been subject to the arbitrary, extracontractual "cap" sought by Continental in its motion. Rather, at all times before the protest litigation in this Court, ED was free to assign, recall, and transfer accounts as it saw fit. Since the Federal Circuit's December 8, 2017 order granting, in part, a stay of the Court's May 31, 2017 injunction pending appeal, the *status quo* has been restored. Continental's conception of the *status quo* is incorrect.

Finally, as we explain below, the Federal Circuit has repeatedly rejected the relief that Continental and others have sought. Therefore, the Court should deny Continental's motion.

I.      The Federal Circuit Has Ruled Repeatedly That
        This Court's May 31, 2017 Preliminary Injunction Enjoining
        Account Transfers Is Stayed In Its Entirety Pending Appeal

Continental's request seeks a partial injunction, on the transfer of accounts beyond a 140,000 monthly account maximum. Because the Federal Circuit has rejected Continental's request and its underlying arguments, and has ordered a complete lifting of the second injunction contained in this Court's May 31, 2017 order, pending conclusion of the appeal, Continental's motion should be denied.

The Federal Circuit's December 8, 2017 order states:

> This court considers four factors in evaluating a request for a
> stay pending appeal: (1) whether the stay applicant has made
> a strong showing of likelihood of success on the merits; (2)
> whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other
> parties interested in the proceeding; and (4) where the public

interest lies. (citation omitted).

Upon consideration thereof,

IT IS ORDERED THAT:

* * *

Appellants' requests are GRANTED insofar as the preliminary
injunction enjoined "transferring work to be performed under the
contract at issue in this case to other contracting vehicles to
circumvent or moot this bid protest."

Exhibit C.

Shortly thereafter, former contract holder Progressive Financial Services filed an

emergency motion to clarify or amend the Federal Circuit's order, seeking to continue to bar

ED from recalling Progressive's former accounts. On December 11, 2017, the Federal Circuit

clarified that it had stayed the portion of the injunction barring ED from recalling

accounts. Exhibit D. Similarly, defendant-intervenor CBE Group, Inc., who did not even file

a brief in the appeal, also filed a motion for reconsideration and amendment of the Federal

Circuit's stay order to continue to prohibit ED from recalling accounts on its expired

contract. The Federal Circuit denied CBE's motion on December 12, 2017. Exhibit E.

Continental seeks to subvert the Federal Circuit's December 8, 2017 order, which

clearly and unequivocally stayed this Court's May 31, 2017 injunction prohibiting ED from

assigning or transferring defaulted loan accounts to existing contracts. The Federal Circuit's

order granting the United States' request for a stay of the second part of the Court's injunction

is without limitation, and stayed that portion of the injunction pending appeal *in its entirety*,

thus allowing ED to transfer or assign *all* defaulted loan accounts to existing contracts. The

Federal Circuit has twice confirmed this interpretation of its stay order since December 8.

In its motion, Continental asserts that the Federal Circuit "effectively endorsed the use of such a cap." Cont. Mot. at 5. To support this assertion, Continental cites an exchange at oral argument between counsel for Continental and Judge Dyk of the Federal Circuit. Cont. Mot. at 5. Continental ignores the fact that the Federal Circuit subsequently rejected Continental's arguments by granting, in part, the request for stay of the Court's May 31, 2017 injunction immediately following oral argument. In any event, even assuming, for argument's sake, that the Federal Circuit had not rejected Continental's position on December 8, 2017, it is settled law that colloquy at oral argument is not precedent. *Galen Med. Assocs., Inc. v. United States*, 369 F.3d 1324, 1331 (Fed. Cir. 2004) ("In the absence of an oral ruling, experience teaches us that comments made from the bench do not always match the content of a later written opinion. For that reason, unless the issue on appeal concerns an oral ruling, we generally 'rely on the court's written opinion rather than its oral statement during a hearing.'").

Accordingly, the exchange between Continental's counsel and Judge Dyk indicates that the Federal Circuit was aware of and considered, but ultimately rejected Continental's suggestion for a maximum, or cap, on the number of accounts that ED may transfer or assign. The Federal Circuit's order rejected Continental's position, and instead granted the Government's request and allows ED, without limitation, to transfer and assign accounts to existing contracts. Had the Federal Circuit wanted this Court to review and determine whether a maximum or cap should be imposed on ED, it could have and would have remanded that issue to this Court. Instead, the Federal Circuit "granted the Government's motion" and lifted the injunction on ED's transfer of accounts in its entirety pending the conclusion of the appeal. The Federal Circuit's order remains in full force and effect unless and until it is vacated or modified by that Court.

II.    Continental's Arguments In Support Of Continuing The
       Injunction Were Rejected By The Federal Circuit

Continental's arguments in support of continuing the injunction, whether in its entirety

or by imposing a cap, or maximum, on ED were before the Federal Circuit prior to its

December 8, 2017 ruling.  First, Continental makes much of the alleged "delay" in ED's

completion of the corrective action as a reason for a partial injunction on the transfer of

accounts.  Cont. Mot. at 1, 2, 4.  Continental made this same argument to the Federal Circuit in

its briefs before that Court, yet the Federal Circuit lifted the preliminary injunction in its

entirety.  *See* Exhibit F (Cont. App. Br., filed November 22, 2017, at ECF pages 38, 56-58)

(Continental asserts that ED's "delay" in the corrective action supports continuing the

injunction).  Second, Continental's argument that the *status quo* regarding how many accounts

were assigned by ED before the pending litigation supports a partial injunction was also before

the Federal Circuit, and effectively rejected by that Court in its order staying the preliminary

injunction on the assignment of accounts in its entirety.  Cont. Mot. at 2, 4; *see* Exhibit F

(Cont. App. Br. filed November 22, 2017, at ECF pages 41, 56) (Continental argued before the

Federal Circuit that the *status quo* before the litigation began supports continuing the

injunction).  Regardless, Continental exaggerates the "harm" to Continental or any other

potential awardee by its statement that ED intends to assign one million accounts in the near

future.  Cont. Mot. at 2, 4.  ED's recent assignment of approximately 927,000 accounts was

due to the more than eight-month backlog of unassigned accounts, from March 29, 2017 to

December 8, 2017.  Using this number, had the accounts been assigned monthly as is ED's

custom, the average number of accounts assigned per month over the past eight months would

be approximately 115,875 per month.  The Federal Circuit correctly rejected Continental's

*status quo* argument in its order dated February 8, 2017.

Third, despite the fact that this Court dismissed Continental's dilution argument for lack of jurisdiction by order dated May 2, 2017, Continental argued before the Federal Circuit that assigning defaulted accounts to existing contracts somehow "dilutes" the number of accounts that can later be assigned to Continental (should it be awarded a contract). *See* Exhibit F, at ECF pages 23-24, 35-36, 39-40, 41, 52. This Court dismissed this claim, set forth in Count VII of Continental's complaint, for lack of subject-matter jurisdiction on May 2, 2017. Thus, it cannot be the basis for even a partial injunction by this Court. *See U.S. Ass'n of Importers of Textiles,* 413 F.3d at 1349-50 (trial court commits reversible error by entering a preliminary injunction in the absence of subject-matter jurisdiction).[2] In addition to the dismissal by this Court, the Federal Circuit also implicitly rejected Continental's dilution argument when it lifted the injunction and allowed ED, without limitation, to transfer and assign accounts.

In these circumstances, Continental's arguments in support of a continued injunction, whether partial or complete, have been heard and rejected by the Federal Circuit. The Federal Circuit's order remains in force and effect unless and until it is vacated or modified by that Court. *Banks v. United States*, 2015 WL 4939954, at 2 (2015).

CONCLUSION

For the reasons stated above, defendant respectfully requests that the Court deny Continental's motion.

---

[2] Continental has not appealed the dismissal of this claim.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Lauren S. Moore

OF COUNSEL:

JOSE OTERO
General Attorney
Office of the General Counsel
U.S. Department of Education

SARA FALK
General Attorney
Office of the General Counsel
U.S. Department of Education

December 20, 2017

LAUREN S. MOORE
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0333
Fax: (202) 514-8640
E-mail: lauren.moore@usdoj.gov

Attorneys for Defendant