IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC., and PIONEER CREDIT RECOVERY, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| and ) ) | |
| COLLECTION TECHNOLOGY, INC., PERFORMANT RECOVERY, INC., ALLTRAN EDUCATION, INC., and PROGRESSIVE FINANCIAL SERVICES, INC., ACCOUNT CONTROL TECHNOLOGY, INC., and VAN RU CREDIT CORPORATION, ) ) ) ) ) ) ) ) ) | |
| Plaintiff-Intervenors, ) ) | |
| v. ) ) | Nos. 17-449C; 17-499C; 17-493C; 17-517C 17-578C; 17-558C; 17-633C |
| THE UNITED STATES, ) ) | Consolidated Judge Wheeler |
| Defendant, ) ) | |
| and ) ) | |
| CBE GROUP, INC., FINANCIAL MANANGEMENT SYSTEMS, INC., GC SERVICES LIMITED PARTNERSHIP, PREMIERE CREDIT of NORTH AMERICA, LLC, VALUE RECOVERY HOLDINGS, LLC, and WINDHAM PROFESSIONALS, INC., ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant-Intervenors. ) | |

<u>DEFENDANT'S MOTION TO DISMISS</u>
<u>DUE TO THE COMPLETION OF CORRECTIVE ACTION</u>

Pursuant to Rule 12(b)(1) of the Rules of this Court (RCFC), defendant, the United States, respectfully requests that this Court dismiss the consolidated complaints filed by plaintiffs Continental Services Group, Inc. (Continental), Pioneer Credit Recovery, Inc. (Pioneer), Collection Technology, Inc. (Collection), Performant Recovery, Inc. (Performant), Alltran Education, Inc. (Alltran), Progressive Financial Services, Inc. (Progressive), Account Control Technology, Inc. (ACT), and Van Ru Credit Corporation (Van Ru), respectively, because plaintiffs' challenges to the actions of the United States Department of Education (ED) have been rendered moot in light of remedial action taken by ED.  In support of this motion, we rely on the following brief.

<u>STATEMENT OF FACTS</u>

On March 28, 2017, Continental filed a complaint in this Court, challenging the ED's determination that it was non-responsible under Solicitation No. ED-FSA-16-R-0009 (solicitation), seeking collection services for defaulted student loans under the ED's Federal Student Aid (FSA) program, and thus ineligible for award.  According to Continental, its small business participation plan and subcontracting plans met the solicitation's requirements.  Cont. Compl. ¶¶ 68-106.[1]  In Count VII of its complaint, Continental further alleged that it was not receiving as many accounts under its existing 2015 award term extension (ATE) debt collection contract as it had anticipated.  *Id*. ¶¶ 107-14. On May 2, 2017, the Court dismissed Count VII for lack of subject-matter jurisdiction.  Order dated May 2, 2017 at 2.

---

[1]    "Cont. Compl." refers to Continental's complaint filed on March 28, 2017.  "Pioneer Compl." refers to Pioneer's complaint filed on April 10, 2017.

On April 10, 2017, Pioneer filed a complaint in this Court, challenging the ED's determination that it too was non-responsible and ineligible for award under the same solicitation.  *See* Pioneer Compl. ¶¶ 95-133.  Thereafter, Alltran and ACT filed their complaints, challenging ED's evaluation of their offers.  Shortly thereafter, Progressive, Performant, Van Ru, and Collections filed complaints claiming that ED should not be allowed to recall accounts on their expired contracts.

One day prior to the filing of Continental's complaint, on March 27, 2017, the Government Accountability Office (GAO) issued a decision on separately filed protests regarding the same solicitation filed by some of the parties to this action.  *See Gen. Revenue Corp.*, B-414220.2 et al. (Comp. Gen. Mar. 27, 2017) (Ex. A to Defendant's Notice of Corrective Action, May 19, 2017).  GAO sustained the protests in part, and denied the protests in part.  *Id.* GAO recommended that the agency amend the solicitation, as appropriate, to accurately reflect its needs.  Ex. A to Notice at 41.  It also suggested that the agency conduct and adequately document a new evaluation of proposals under the past performance and management approach factors.  *Id.*  GAO proposed that, after conducting a new evaluation, the agency prepare and adequately support a new source selection decision.  *Id.*  If any of the current awardees are evaluated as having a proposal that is not among the most advantageous to the Government, GAO recommended that the agency terminate any such awards for the Government's convenience.  *Id.*

On May 19, 2017, we filed a notice of corrective action advising the Court that ED had determined to implement the GAO's recommendations.  Our notice of corrective action was amended on May 25, 2017.  The corrective action has allowed all offerors involved with this procurement, including but not limited to all parties to this consolidated protest, to revise and

resubmit their proposals to ED.  ED's completion of the reevaluation of the resubmitted

proposals, issuance of new contract awards under the revised solicitation, and termination of the

December 2016 awards, confirms that these protests are moot, and thus they are outside the

Court's jurisdiction and should be dismissed.

ARGUMENT

The complaints in these consolidated cases should be dismissed for lack of subject-matter

jurisdiction because ED has taken corrective action by amending the solicitation, allowing the

submission of revised proposals, and reevaluating the proposals of all offerors in this

procurement.  Further, ED has completed the corrective action by issuing new contract awards.

Plaintiffs' protests, therefore, are moot.

I.   This Court Does Not Possess Jurisdiction To Decide Moot Cases

It is well-established that justiciability, including mootness, is a question of subject-

matter jurisdiction.  *CW Gov't Travel, Inc. v. United States*, 46 Fed. Cl. 554, 556 (2000) (citing

*N.C. v. Rice*, 404 U.S. 244, 246 (1971)).  "The mootness doctrine originates from the 'case or

controversy' requirement of Article III of the United States Constitution."  *Northrop. Corp.,*

*Northrop Elecs. Sys. Div. v. United States*, 27 Fed. Cl. 795, 800 n.4 (1993) (citing *De Funis v.*

*Odegaard*, 416 U.S. 312, 316 (1974).  Although the jurisdiction of this Court, as an Article I

court is not limited by the "case or controversy" requirement of Article III, this Court and other

Article I courts have adopted many justiciability precepts based upon prudential grounds.  *See,*

*e.g., Schooling v. United States*, 63 Fed. Cl. 204, 209 (2004) (dismissing case for lack of subject-

matter jurisdiction because claims asserted in the complaint were moot); *CW Gov't Travel*, 46

Fed. Cl. at 558 (citing *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996)) (granting

motion to dismiss for mootness); *see also Anderson v. United States*, 344 F.3d 1343, 1350 n.1

4

(Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III.").

The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  In the event of a party's "voluntary cessation of allegedly illegal conduct," the Supreme Court has held that "jurisdiction, properly acquired, may abate if the case becomes moot because:  (1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur . . . , and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631 (quoted in *Chapman Law Firm Co. v. Greenleaf Constr. Co., Inc*., 490 F.3d 934, 939-40 (Fed. Cir. 2007)).  "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Davis*, 440 U.S. at 631.  Here, as we explain below, both requirements enunciated in *Davis* have been met and these cases should be dismissed.

II.   The Requirements For Mootness And Dismissal Have Been Satisfied

The corrective action taken by ED satisfies both requirements for mootness set forth in *Davis*.  Addressing the second factor first, whether an intervening or interim event has effectively eradicated the effects of the alleged violations, ED's corrective action has completely and irrevocably eradicated any effects of the alleged violations in the evaluations and nonresponsibility determinations of the protestors' original proposals.  The corrective action has adequately addressed the effects of the challenged actions, by effectively rescinding the original evaluations of the protestors' original offers.  In *Chapman*, the Government proposed corrective

action that was suggested by this Court,[2] and subsequently renewed its motion to dismiss the protest on grounds of mootness. This Court denied the renewed motion to dismiss, and instead entered judgment in favor of the protestor and the intervenor, in an effort to allow them to recover attorney fees.  The Government appealed this Court's judgment to the Court of Appeals for the Federal Circuit.  Applying the two requirements for mootness of voluntary cessations of conduct set forth in *Davis*, the Federal Circuit held that "the revised corrective action adequately addressed the effects of the challenged action, and the Court of Federal Claims had no reasonable expectation that the action would recur."  *Chapman*, 490 F.3d at 940.  "Accordingly," the Federal Circuit concluded, "the Court of Federal Claims should have dismissed the case."  *Id.*

With respect to the first factor set forth in *Davis*, ED has concluded the corrective action, and thus there is no reasonable expectation that the alleged violations can recur.  As explained above, ED revised the original solicitation and allowed all offerors the opportunity to submit revised proposals, which ED has evaluated.  ED has terminated the seven contract awards underlying these consolidated bid protest actions for the convenience of the Government.  As the Federal Circuit held in *Chapman*, this Court has "no reasonable expectation that the [challenged] action would recur" during the corrective action.  *Id.*  Moreover, this Court is required to assume that the Government undertook the corrective action in good faith.  *Chapman*, 490 F.3d at 940 (citing *T & M Distrib., Inc. v. United States*, 185 F.3d 1279, 1285 (Fed. Cir. 1999) ("Government officials are presumed to act in good faith, and 'it requires 'well-nigh irrefragable proof' to induce a court to abandon the presumption of good faith.'") (quoting *Kalvar Corp. v. United States*, 211 Ct. Cl. 192, 543 F.2d 1298, 1301-02 (1976)).

---

[2]   Similarly, here, ED's corrective action was suggested by GAO.

Dismissal is warranted, therefore, because the requirements for mootness addressed by the Supreme Court in *Davis* have been met.  The challenged contract awards have been terminated.  All parties to these protests have been permitted to re-enter the competition as if their proposals had never been rejected, each resubmitted proposal has been evaluated by ED, and each plaintiff has obtained all of the lawful relief that it sought in its complaint.  *Davis* 440 U.S. at 631; *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 at 940.  The Court should, therefore, dismiss these actions.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the plaintiffs' complaints.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

JOSE OTERO
SARA FALK
General Attorneys
Office of the General Counsel
U.S. Department of Education

s/ Lauren S. Moore

LAUREN S. MOORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Attn:  Classification Unit, 8th Floor
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 616-0333
Facsimile:  (202) 514-8640
E-mail:  lauren.moore@usdoj.gov

January 16, 2018

Attorneys for Defendant