IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC., and PIONEER CREDIT RECOVERY, INC., <br><br>  Plaintiffs, <br><br> and <br><br> COLLECTION TECHNOLOGY, INC., PERFORMANT RECOVERY, INC., ALLTRAN EDUCATION, INC., PROGRESSIVE FINANCIAL SERVICES, INC., ACCOUNT CONTROL TECHNOLOGY, INC., and VAN RU CREDIT CORPORATION, <br><br>  Plaintiff-Intervenors, <br><br> v. <br><br> THE UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> CBE GROUP, INC., FINANCIAL MANAGEMENT SYSTEMS, INC., GC SERVICES LIMITED PARTNERSHIP, PREMIERE CREDIT OF NORTH AMERICA, LLC, VALUE RECOVERY HOLDINGS, LLC, and WINDHAM PROFESSIONALS, INC., <br><br>  Defendant-Intervenors. | Nos. 17-449C; 17-499C; 17-493C; 17-517C; 17-578C; 17-558C; 17-633C <br> Consolidated <br> Judge Wheeler |

**PLAINTIFF ACCOUNT CONTROL TECHNOLOGY, INC.'S RESPONSE AND <u>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff Account Control Technology, Inc. ("ACT") respectfully files this response and

opposition to Defendant United States' ("Government") January 16, 2018 Motion to Dismiss

ACT's April 7, 2017 Complaint. *Account Control Technology, Inc. v. United States*, No. 17-493,

ECF No. 1.[1]  ACT's protest action is not moot and the Government's motion to dismiss should be denied because the Government's corrective action did not "completely and irrevocably eradicate" the harm to ACT caused by the Government's award decision.  ACT and other offerors have filed protests of the Agency's reevaluation and January 11, 2018 award decision with this Court.  These actions should be consolidated with the present case, and offerors should be permitted to amend their Complaints pursuant to the Rules of the Court of Federal Claims ("RCFC") Rule 15.

## STATEMENT OF FACTS

In December 2015, the Department of Education ("ED" or the "Agency") issued Solicitation No. ED-FSA-16-R-0009 (the "Solicitation") for default collection services under indefinite delivery/indefinite quantity ("IDIQ") contracts.  On December 9, 2016, ED awarded contracts to seven offerors.[2]  ACT was not among the awardees.  Following ED's award decision, 22 offerors, including ACT, protested the contract awards at the Government Accountability Office ("GAO").  On March 27, 2017, the GAO sustained several of the bid protests, recommending the Agency conduct and adequately document a new evaluation of

---

[1] ACT's case was consolidated with the following actions on September 5, 2017: *Continental Service Group, Inc. v. United States*, No. 17-449; *Pioneer Credit Recovery, Inc. v. United States*, No. 17-499, *Alltran Education, Inc. v. United States*, No. 17-517, *Progressive Financial Services, Inc. v. United States*, No. 17-558, *Collection Technology, Inc. v. United States*, No. 17-578, *Van Ru Credit Corp. v. United States*, No. 17-633.  The case caption for the consolidated actions is No. 17-449.  The Government filed its Motion to Dismiss each of these cases on January 16, 2018 under *Continental Service Group, Inc. v. United States*, COFC Case No. 1:17-cv-00449-SGB (17-449), ECF No. 234.

[2] The seven awardees in December 2016 were: (1) Financial Management Service Investment Corp.; (2) GC Services Limited Partnership; (3) Premiere Credit of North America, LLC; (4) the CBE Group; (5) Transworld Systems, Inc.; (6) Value Recovery Holdings, LLC; and (7) Windham Professionals, Inc.

proposals, and prepare and adequately document a new source selection decision. *Gen. Revenue Corp.*, B-414220.2, Mar. 27, 2017, 2017 WL 1316186.

Beginning in March 2017, offerors filed complaints in this Court, challenging the Agency's evaluation of offerors and award decision under the Solicitation. ACT filed its Complaint with this Court on April 7, 2017, challenging ED's evaluation under each of the three evaluation factors and decision to award contracts to seven offerors in December 2016. *Account Control Technology, Inc.*, No. 17-493, ECF No. 1.

On May 19, 2017, the Department of Justice filed Defendant's Notice of Corrective Action for protests pending before this Court, including ACT's protest. *See Account Control Technology, Inc.*, No. 17-493, ECF No. 59. The Notice of Corrective Action set forth ED's intention to take corrective action consistent with the GAO's March 27, 2017 decision. ED amended its Notice of Corrective Action on May 25, 2017, stating it would reevaluate offerors under each of the three evaluation factors of the Solicitation. *Account Control Technology, Inc.*, No. 17-493, ECF No. 61.

On May 25, 2017, the Government filed a motion to dismiss ACT's Complaint pursuant to RCFC 12(b)(1) in light of the proposed corrective action. *Account Control Technology, Inc.*, No. 17-493, ECF No. 62. On June 14, 2017, this Court denied the Government's Motion to Dismiss in the related case *Continental Service Group, Inc. v. United States*, Nos. 17-449, 17-499, finding the "Government's May 19, 2017 Notice of Corrective Action [] did not 'completely and irrevocably eradicate[] the effects of the [] violation[s]'" as stated in the complaints. *Continental Service Group, Inc.*, Nos. 17-449, 17-499, ECF No. 160.[3]

---

[3] While the Court never filed an Order formally ruling on the Government's Motion to Dismiss in *Account Control Technology, Inc.*, No. 17-493, a similar motion by the Government was denied in the related *Continental Service Group., Inc.* case, No. 17-449.

On December 12, 2017, this Court ordered ED to complete its corrective action by January 11, 2018. On January 11, 2018, the Government filed a notice of completed corrective action with this Court. *Continental Service Group, Inc.*, Nos. 17-449, 17-499, ECF No. 231. However, the Government failed to take meaningful corrective action by the court-ordered date and simply rejected all but two of the 42 offerors, selecting Performant Recovery, Inc. and Windham Professionals, Inc. for award.

On January 16, 2018, the Government filed a renewed motion to dismiss ACT's Complaint pursuant to RCFC 12(b)(1), arguing the complaints in the consolidated case are moot because ED has taken corrective action by amending the solicitation, allowing the submission of revised proposals, reevaluating the proposals, and issuing new contract awards. Following receipt of its debriefing letter, ACT filed a new protest on February 12, 2018 with this Court, challenging the reevaluation and corrective action decision on multiple grounds. *See Account Control Technology, Inc. v. United States*, COFC Case No. 1:18-cv-00206-TCW (18-206C). The protest was filed as a new action out of an abundance of caution, though ACT believes that Case No. 18-206C should be consolidated with Case No. 17-449. As such, ACT's protest action is not moot because the Government's corrective action did not "completely and irrevocably eradicate" the harm to ACT caused by the Government's award decision.

## ARGUMENT

The Government's corrective action does not render ACT's protest action moot. As stated in ACT's response to the Government's May 25, 2017 Motion to Dismiss, ACT has suffered, and will continue to suffer, economic injury due to the errors made by ED during both the initial evaluation and the reevaluation. *See Account Control Technology, Inc.*, No. 17-493, ECF No. 74. Further, the Government's corrective action was arbitrary and clearly conducted in haste only to satisfy this Court's December 12, 2017 Order.

Despite the Government's contentions, the fact that the Government completed corrective action does not in and of itself render ACT's protest moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormick*, 395 U.S. 486, 496 (1969). The Supreme Court has recognized that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *Cnty of Los Angeles v. Davis*, 440 U.S. 625, 632 (1979). Further, in *Davis*, the Supreme Court held that a case may become moot due to voluntary cessation only when: "(1) it can be said with assurance that 'there is no reasonable expectation. . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631. Here, the effects of the Agency's procurement errors continue and are exacerbated by its unreasonable corrective action decision.

In response to the Government's May 25, 2017 Motion to Dismiss, ACT explained that because it was not currently under contract to receive new debt collection accounts, ACT was therefore unable to compete for new accounts. *Account Control Technology, Inc.*, No. 17-493, ECF No. 74, (quoting *Continental Serv. Grp., Inc. et al. v. United States*, Nos.17-449, 17-499, Order Denying Motion to Dismiss, ECF No. 160). As a result of ED's unreasonable reevaluation, ACT still cannot receive new debt collection accounts and remains unable to compete for new accounts. ACT has suffered, and continues to suffer, economic injury due to the errors made by ED, errors which were not resolved by the ED's completion of its corrective action.[4]

---

[4] ED also informed ACT it intends to recall all non-paying accounts currently being serviced under ACT's 2015 Award Term Extension contract, which will result in further economic harm to ACT as a result of the Agency's unreasonable actions during the reevaluation. ACT has filed

Further, ED's decision to award contracts to the two awardees upon reevaluation suggests ED's reevaluation was arbitrary and conducted without adequate consideration of all offeror's proposals.  ED clearly rushed through the reevaluation process only to comply with this Court's mandate that the corrective action be completed by January 11, 2018.

The more prudent course of action, to prevent further delays in this already drawn-out procurement and to preserve judicial resources, would be to deny the Government's Motion to Dismiss and consolidate protests of the reevaluation filed in this Court with this case, permitting protesters to amend their complaints as a result of the new award decision, under RCFC 15.

## **CONCLUSION**

For the foregoing reasons, ACT respectfully requests that the Court deny the Government's motion to dismiss ACT's protest action as moot.

Respectfully Submitted,

Dated: February 13, 2018

 /s/ *Jonathan S. Aronie*
Jonathan S. Aronie
Attorney for Account Control Technology, Inc.

Sheppard Mullin Richter & Hampton
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC 20006-6081
Telephone (202) 747-1902
Direct Facsimile (202) 747-3800
Email: JAronie@sheppardmullin.com

---

an application for a Temporary Restraining Order and/or Preliminary Injunction to prevent this recall activity. *Account Control Technology, Inc. v. United States*, No. 18-206C, ECF Nos. 6, 7.

**CERTIFICATE OF SERVICE**

    I certify that on this 13th day of February 2018, the foregoing Response and Opposition to Defendant's Motion to Dismiss was electronically filed.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


                                                               */s/ Jonathan S. Aronie*
                                                               Jonathan S. Aronie