# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Washington, D.C.

**BID PROTEST**

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC., PIONEER CREDIT RECOVERY, INC., ACCOUNT CONTROL TECHNOLOGY, INC., ALLTRAN EDUCATION, INC., COLLECTION TECHNOLOGY, INC., PROGRESSIVE FINANCIAL SERVICES, INC., VAN RU CREDIT CORPORATION, <br><br> Plaintiffs, <br><br> and <br><br> PERFORMANT RECOVERY, INC.; and ALLIED INTERSTATE LLC <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE CBE GROUP, INC., PREMIERE CREDIT OF NORTH AMERICA, LLC, GC SERVICES LIMITED PARTNERSHIP, VALUE RECOVERY HOLDINGS, LLC, WINDHAM PROFESSIONALS, INC., AUTOMATED COLLECTION SERVICES, INC., FMS INVESTMENT CORP., and TEXAS GUARANTEED STUDENT LOAN CORP., <br><br> Defendant-Intervenor. | CFC Nos.  17-449C, 17-499C, 17-493C, 17-517C, 17-578C, 17-558C, 17-633C <br><br> Judge Thomas C. Wheeler <br><br> **HEARING REQUESTED** |

## PIONEER CREDIT RECOVERY, INC.'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

| | |
|---|---|
| Date:  February 13, 2018 | Jonathan D. Shaffer (jshaffer@smithpachter.com)<br>SMITH PACHTER MCWHORTER PLC<br>8000 Towers Crescent Drive, Suite 900 |
| *Of Counsel*<br>Mary Pat Buckenmeyer<br>Sean K. Griffin | Tysons Corner, Virginia 22182<br>Tel: (703) 847-6300; Fax: (703) 847-6312<br>*Counsel of Record for Plaintiff*<br>*Pioneer Credit Recovery, Inc.* |

**Table of Contents**

**Page No.**

Table of Authorities ................................................................................................................. i

QUESTION PRESENTED ..................................................................................................... 3

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ........................................................................................................................... 7

I.     Standard of Review ....................................................................................................... 7

II.    The Government Cannot Meet its "Formidable" Burden of Demonstrating Mootness ........ 10

CONCLUSION ...................................................................................................................... 13

## Table of Authorities

**Page No.**

**Cases**

Chapman Law Firm Co. v. Greenleaf Constr. Co., Inc.,
    490 F.3rd 934 (Fed. Cir. 2007) ............................................................................... 7, 8

Church of Scientology of Cal. v. United States,
    506 U.S. 9 (1992) ...................................................................................................... 10

Continental Service Group, Inc., et al. v. United States,
    Case No. 2155, et al., 2018 WL 388634 (Fed. Cir. Jan. 12, 2018) ............................ 8

Cty. of L.A. v. Davis,
    440 U.S. 625 (1979) .................................................................................................. 8

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
    528 U.S. 167 (2000) .................................................................................................. 8

General Revenue Corp., et al.,
    B-414220.2 et al., 2017 CPD ¶ 106 (Comp. Gen. Mar. 27, 2017) .................. 2, 4, 12

Intrepid v. Pollock,
    907 F.2d 1125 (Fed. Cir. 1990) ................................................................................. 9

McTECH Corp. v. United States,
    105 Fed. Cl. 726 (2012) ......................................................................................... 8, 9

NEC Corp. v. United States,
    151 F.3d 1361 (Fed. Cir. 1998) ................................................................................. 9

Savantage Fin. Servs., Inc. v. United States,
    118 Fed. Cl. 487 (2014) ............................................................................................ 9

TAT Techs., Ltd. v. United States,
    128 Fed. Cl. 109 (2016) ........................................................................................ 9, 10

**Regulations**

4 C.F.R. § 21.11 ................................................................................................................ 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

**BID PROTEST**

| | |
|---|---|
| CONTINENTAL SERVICE GROUP, INC., PIONEER CREDIT RECOVERY, INC., ACCOUNT CONTROL TECHNOLOGY, INC., ALLTRAN EDUCATION, INC., COLLECTION TECHNOLOGY, INC., PROGRESSIVE FINANCIAL SERVICES, INC., VAN RU CREDIT CORPORATION, <br><br> Plaintiffs, <br><br> and <br><br> PERFORMANT RECOVERY, INC.; and ALLIED INTERSTATE LLC <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE CBE GROUP, INC., PREMIERE CREDIT OF NORTH AMERICA, LLC, GC SERVICES LIMITED PARTNERSHIP, VALUE RECOVERY HOLDINGS, LLC, WINDHAM PROFESSIONALS, INC., AUTOMATED COLLECTION SERVICES, INC., FMS INVESTMENT CORP., and TEXAS GUARANTEED STUDENT LOAN CORP., <br><br> Defendant-Intervenor. | CFC Nos.  17-449C, 17-499C, 17-493C, 17-517C, 17-578C, 17-558C, 17-633C <br><br> Judge Thomas C. Wheeler <br><br> **HEARING REQUESTED** |

**PIONEER CREDIT RECOVERY, INC.'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1

Plaintiff Pioneer Credit Recovery, Inc. ("Pioneer") respectfully files this response and opposition to Defendant United States' January 16, 2018 motion to dismiss Pioneer's April 10, 2017 Complaint.  COFC No. 17-499 ("ECF") 1 (Complaint); ECF 234 (Motion to Dismiss).[1]

Pioneer's protest action is not moot because material procurement flaws have not been corrected.  The actual corrective action taken (as opposed to that promised) is incomplete, arbitrary and unreasonable.  In other words, the relief sought has not been granted and the United States Department of Education's ("ED" or the "agency") actions have not completely and irrevocably eradicated the effects of the alleged violations.

ED's corrective action re-evaluation and awards continue the tainted procurement process complained of in Pioneer's United States Government Accountability ("GAO") and United States Court of Federal Claims ("COFC") protests, the same tainted process that was previously criticized in GAO's March 27, 2017 decision.  See generally General Revenue Corp., et al., B-414220.2 et al., 2017 CPD ¶ 106 (Comp. Gen. Mar. 27, 2017).  While ED may have attempted to address Pioneer and other protesters previous protest grounds, many issues remain uncorrected and outstanding.  As a result, the pending protest is not moot.

Pioneer has separately filed today a new protest action in this Court challenging ED's recent awards of contracts under the same solicitation at issue here to Performant Recovery, Inc. ("Performant") and Windham Professionals, Inc. ("Windham").  The protest grounds presented in the new Complaint are encompassed by or substantially similar in many respects to Pioneer's prior protests of this procurement (and prior protests filed at GAO and COFC by other offerors). In particular, Pioneer's new Complaint raises many of the same issues presented in Pioneer's December 19, 2016 GAO protest (Comp. Gen. 414220.1).  That protest was dismissed only

---

[1] Unless otherwise marked, all ECF references refer to the lead case, COFC No. 17-449.

when ED represented to GAO that the past performance issues raised had no role in the exclusion of Pioneer. Yet, the latest awards to Performant and Windham indicate that the same past performance issues are still being arbitrarily considered by ED as a basis to downgrade Pioneer.[2]

## QUESTION PRESENTED

Whether ED's corrective action renders Pioneer's claims moot where the relief sought has not been fully granted and ED's actions have not completely and irrevocably eradicated the effects of the alleged violation.

## STATEMENT OF FACTS

On or about December 11, 2015, ED issued Solicitation No. ED-FSA-16-R-0009 for full and open competition for debt collection services. ED awarded seven IDIQ contracts under the solicitation on December 9, 2016.

On December 19, 2016, Pioneer filed a protest at GAO challenging ED's awards and ED's failure to award Pioneer a contract. Comp. Gen. B-414220.1. Among other things, Pioneer protested ED's evaluation of Pioneer past performance and ED's consideration of ED's discredited call audit under the incumbent 2009 contract. The audit was a principle focus of the 2015 protests (COFC Nos. 15-207, et al.) filed by Pioneer and others. On January 6, 2017, GAO dismissed the December 19 Pioneer protest after ED assured GAO and Pioneer that the sole basis for Pioneer's exclusion was a responsibility issue predicated entirely on ED's review of Pioneer's subcontracting plan and not any past performance issue.

---

[2] Pioneer plans to separately file a Motion to Consolidate this action with Pioneer's new protest and a Motion for Leave to File an Amended Complaint in this action. The Amended Complaint will be the same as the new Complaint filed in this Court.

On December 28-29, 2016, ED provided briefings to numerous other unsuccessful offerors, after which approximately eighteen protesters also filed bid protests at GAO related to the awards. See General Revenue Corp., 2017 CPD ¶ 106, at 8. As a result of the protests, ED issued stop work orders to the seven protested awardees in accordance with the Competition in Contracting Act ("CICA").

On January 9, 2017, based on information it first learned in ED's December 28, 2016 briefing, Pioneer filed a new protest against ED's seven awards and ED's failure to award Pioneer a contract. Comp. Gen. B-414220.20

GAO consolidated all but two of the protests and issued a protected decision in the consolidated case on March 27, 2017.[3] GAO sustained the protests based on serious procurement violations and recommended ED conduct expansive corrective action. The GAO decision meant that the seven awards were tainted by ED's conduct.

The two protests not consolidated in GAO's March 27, 2017 decision were those filed by Pioneer and Continental Service Group, Inc. ("ConServe"). Comp. Gen. B-414220.5, .28 (ConServe); B-414220.20, .36 (Pioneer). On March 28, 2017, ConServe notified GAO that it was withdrawing its protest before GAO and intended to pursue its protest in this Court, which it did that same day. See COFC No. 17-449. On March 31, 2017, GAO dismissed Pioneer's protests pursuant to 4 C.F.R. § 21.11 (Effect of Judicial Proceedings). On April 10, 2017, Pioneer filed its protest in this Court, which was thereafter consolidated with ConServe's action. COFC No. 17-499, ECF 12. ED represented to this Court that the seven December 9, 2016 contracts awarded under Solicitation No. ED-FSA-16-R-0009 would remain stayed pending

---

[3] The public version of GAO's March 27, 2017 decision is available at: https://www.gao.gov/assets/690/684031.pdf.

resolution of this bid protest. ECF 23 at 2; ECF 23-1 at 2 (¶ 6); see also ECF 85 at 2 and n.1; ECF 85-2 at 2 (¶ 5).[4]

On March 29, 2017, the COFC issued a temporary restraining order ("TRO") based in part on ConServe's claim that ED would dilute the number of student loan accounts needing serviced by transferring those accounts to other contract vehicles. ECF 9. The COFC extended the TRO twice (ECF 56, 73) and eventually issued a preliminary injunction ("PI") that was extended multiple times. ECF 87, 134, 143. The terms of the TRO and then PI consisted of two parts, preventing ED from transferring accounts (1) under the protested solicitation to purported awardees (Part 1), and (2) under any other contracting vehicles (Part 2).

On May 19, 2017, Defendant filed a notice stating it intended to take corrective action consistent with GAO's March 27, 2017 decision. ECF 122.

On May 23, 2017, Defendant filed a motion to dismiss this action pursuant to Rules 12(b)(1), asserting Pioneer's Complaint was moot in light of ED's proposed corrective action. ECF 133.

On May 25, 2017, Defendant filed an Amended Notice of Corrective Action to allow offerors to submit revised small business participation plans. ECF 135 at 2. The next day, ED issued Amendment 5 to initiate corrective action. ECF 122 at 9; ECF 122-2 at 5 (¶ 14). ED set a

---

[4] On April 7 and 12, 2017, Account Control Technology ("ACT"), and Alltran Education, Inc. ("Alltran"), respectively, also filed complaints challenging various aspects of ED's procurement, docketed as COFC Nos. 17-493 and 17-517, respectively. Progressive Financial Services, Inc. ("Progressive"), Collection Technology, Inc. ("CTi"), and Van Ru Credit Corporation ("Van Ru") also filed complaints at the COFC, challenging ED's attempt to recall the remaining "in-repayment" accounts those companies still held from their expired or about to expire 2009 contracts, docketed as COFC Nos. 17-558, 17-578, 17-633, respectively. The COFC consolidated all of the COFC protests under the lead case 17-449. ECF 186.

proposal due date of June 16, after receipt of which, ED was to evaluate proposals and would then issue notice of awards.  Id.

On May 30, 2017, Pioneer filed an opposition to the Defendant's May 23, 2017 motion to dismiss, asserting that Pioneer's protest was not moot.  ECF 139, 144-1.

On May 31, 2017, the COFC *sua sponte* issued an order continuing the PI indefinitely.  ECF 143.  On June 9, 22, and July 21, 2017, Alltran, the Department of Justice ("DOJ"), and Pioneer, respectively, all appealed the May 31 PI to the United States Court of Appeals for the Federal Circuit ("CAFC").  Pioneer's appeal challenged only Part 2 of the COFC's May 31 PI.

On June 14, 2017, the COFC denied ED's motion to dismiss Pioneer's and ConServe's complaints as moot.  ECF 160.

After briefing and oral argument at the CAFC, the CAFC issued a decision affirming Part 1 of the PI, but reversing Part 2 of the PI.  CAFC No. 2155 et al., ECF 308; ECF 313-2.

By letter dated January 11, 2018, Pioneer learned that it had not been awarded a contract under Solicitation No. ED-FSA-16-R-0009 during "corrective action."  ED awarded contracts to Performant and Windham.

In light of the CAFC decision affirming Part 1 of the May 31 PI and the ED announcement of award, Pioneer counsel emailed DOJ counsel in COFC No. 17-449 et al., on January 16, 2018 as follows:

> In light of the Court of Appeals decision affirming Part 1 of the Court of Federal Claims (COFC) preliminary injunction (PI) and remand back to the COFC, along with Education's recent announcement of awards under the protested solicitation to Performant and Windham, we are writing to discuss the pending Pioneer Court actions.
>
> Pioneer's understanding is that Part 1 of the PI bars Education from transferring accounts to Performant and Windham as purported awardees, as set forth in Part 1 of the PI.  Pioneer may seek to amend its protest complaint based on the recent

6

      developments.  If you would like to discuss scheduling or related
      issues, please let me know.

DOJ counsel responded on January 17, 2018:

      Because the corrective action has been completed, it is the
      Government's position that the protests should be dismissed, as
      explained in our motion to dismiss filed yesterday.  Any protest
      related to the new awards should be in the form of a new
      complaint.

By letter dated February 2, 2018, ED provided Pioneer with a written debriefing that included the following table with Pioneer's and the awardees' overall ratings:

| Successful Offerors | Factor 1 Past Performance | Factor 2 Management Approach | Factor 3 Small Business Participation Plan |
|---|---|---|---|
| Performant Recovery, Inc. | High Confidence | Satisfactory | Satisfactory |
| Windham Professionals, Inc. | High Confidence | Satisfactory | Satisfactory |
| **Debriefed Offeror** | | | |
| Pioneer Credit Recovery, Inc. | Some Confidence | Satisfactory | Satisfactory |

## ARGUMENT

### I.  Standard of Review

ED (at 5-6) relies on the CAFC's decision in Chapman Law Firm Co. v. Greenleaf Constr. Co., Inc., 490 F.3rd 934, 940 (Fed. Cir. 2007), to argue that Pioneer's protest is moot because ED has taken corrective action.  The CAFC, however, recently distinguished Chapman in its decision affirming Part 1 of this Court's May 31 PI of ED account transfers to the purported awardees.  The CAFC observed:

      The government argues that the Claims Court had no jurisdiction
      to grant injunctive relief because Education's May 19 decision to
      take corrective action rendered the protestors' original challenges
      to the 2016 awards moot. But the mere decision to take corrective
      action does not necessarily moot a bid protest.

> The Supreme Court has recognized that a controversy does not become moot after the defendant voluntarily ceases the challenged practice unless "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Chapman Law Firm Co. v. Greenleaf Const. Co., 490 F.3d 934, 939 (Fed. Cir. 2007) (citing County of L.A. v. Davis, 440 U.S. 625, 631 (1979)). This is not such a case.
>
> This case is unlike Chapman Law Firm, on which the government relies. There, "the Court of Federal Claims had already determined that the revised corrective action was reasonable" and that there was "no reasonable expectation that the action would recur." Id. at 940. Additionally, the Claims Court's sole reason for not dismissing the case as moot had been to preserve a claim for attorney's fees—a rationale we found insufficient under Supreme Court precedent, id. at 939. Here, *we have no sufficient basis to conclude what was undisputed in Chapman: that "there clearly is no reasonable expectation that the alleged violation will recur" and that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."* Id. at 940 (internal quotation marks omitted).

Continental Serv. Grp., Inc., et al. v. United States, Case No. 2155, et al., 2018 WL 388634, *4 (Fed. Cir. Jan. 12, 2018) (emphasis added).

The CAFC's decision is well supported by case law addressing the mootness doctrine. "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 174 (2000). A claim is moot only where (a) "there is no reasonable expectation . . . that the alleged violation will recur" and (b) the actions "completely and irrevocably eradicated the effects of the alleged violation." Cty. of L.A. v. Davis, 440 U.S. 625, 631 (1979) (internal quotation and citation omitted); see also Chapman, 490 F.3d at 940 (citing Cty. of L.A. and noting same).

In McTECH Corp. v. United States, the Court explained that the party seeking dismissal has a "*formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur*." 105 Fed. Cl. 726, 732 (2012) (citing Friends of the Earth, 528 U.S. 167 at 189-90) (emphasis added).

8

ED cannot meet its *formidable* burden here because the Pioneer protest is not yet moot. As the McTECH Court explained:

> The salient question is whether the Corps' corrective action has "completely and irrevocably eradicated the effects of the alleged violation." Chapman Law Firm, 490 F.3d at 940 (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). On the one hand, "a case will not be rendered moot by subsequent acts if some of the requested relief remains available." BLR Grp. of Am., Inc. v. United States, 94 Fed. Cl. 354, 362 (2010) (quoting Intrepid v. Pollock, 907 F.2d 1125, 1131 (Fed.Cir.1990), and citing Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L.Ed.2d 313 (1992)), appeal dismissed, 460 Fed. Appx. 918 (Fed.Cir.2011). On the other hand, where a defendant's actions have eliminated the possibility of meaningful relief, the case ordinarily should be dismissed as moot. See Deakins v. Monaghan, 484 U.S. 193, 200-01 & n.4, 108 S. Ct. 523, 98 L.Ed.2d 529 (1988).

105 Fed. Cl. at 731; see also Savantage Fin. Servs., Inc. v. United States, 118 Fed. Cl. 487, 490-91 (2014) (citing cases and noting the "party asserting mootness bears a heavy burden of establishing that the challenged activity will not recur").

Courts recognize that a case may not be moot "even if an intervening event satisfies some of the plaintiff's concerns … if other consequences of defendant's actions remain." NEC Corp. v. United States, 151 F.3d 1361, 1369 (Fed. Cir. 1998) ("Because the trial court could still fashion a useful remedy in this case by granting prospective relief from the effects of the antidumping order, the case is not moot."). Therefore, even if the agency's subsequent acts moot a request for particular relief, "the constitutional requirement of a case or controversy may be supplied by the availability of other relief." Intrepid v. Pollock, 907 F.2d 1125, 1131 (Fed. Cir. 1990) (holding the government's action obviating the need for injunctive relief did not moot entire matter); see also TAT Techs., Ltd. v. United States, 128 Fed. Cl. 109, 115 (2016) (same).

Notably, Pioneer need not allege any ED lack of good faith in order to establish the case is not moot when the agency corrective action does not resolve all issues or is otherwise

9

incomplete.  See, e.g., TAT Techs., 128 Fed. Cl. at 115 (retaining jurisdiction because pending agency action could have an impact on the issues).

In Church of Scientology of Cal. v. United States, the Supreme Court held that a case is moot where "an event occurs" that "makes it impossible for the court to grant" "any effectual relief whatever."  506 U.S. 9, 13 (1992) (internal quotations and citations omitted).  That is not the case here.  This Court has the power to review the reasonableness of ED's actual corrective action.

## II. The Government Cannot Meet its "Formidable" Burden of Demonstrating Mootness

Pioneer's protest action is not moot because the ED corrective action is incomplete, arbitrary, and unreasonable and has not corrected all material procurement flaws.  Further, Pioneer's relief sought has not been granted.  Instead, ED's corrective action re-evaluation and January 2018 awards continue the tainted procurement process previously protested by Pioneer.  Some of the issues raised before GAO and the COFC by Pioneer and others remain uncorrected and outstanding.  As a result, the pending protest is not moot.

For example, for Factor 1, Past Performance, Pioneer has demonstrably stronger past performance than the awardees.  Yet, ED rated both Performant and Windham as "high confidence" compared to Pioneer's "some confidence."  Pioneer's significantly stronger past performance is supported by ample evidence readily available to ED.  First, under the highly relevant incumbent contracts, Pioneer had higher Competitive Performance and Continuous Surveillance ("CPCS")[5] scores as compared to Performant and Windham.  The CPCS scores are

---

[5] As explained in the various Private Collection Agency ("PCA") contracts at Sections H.4 and H.5, the CPCS is an in-depth tool used by ED to assess and measure a contractor's performance against the contract requirements.  The CPCS measures specific performance indicators, such as dollars collected percentage, account servicing percentage, administrative resolution percentage,

strong indicators of superior past performance.  Second, ED had access to Pioneer's Contractor Performance Assessment Reporting System ("CPARS") for several highly relevant contracts that ED should have considered.  These CPARS demonstrate Pioneer's superior past performance.  Third, in its proposal, Pioneer submitted three highly relevant contract references that also demonstrated stronger past performance.  Fourth, ED recently awarded Pioneer an award term extension ("ATE") under the incumbent contract.  All four of these past performance indicators provide strong evidence that Pioneer had superior past performance as compared to Performant and Windham.  Thus, ED's corrective action retains previous flaws and is incomplete and unreasonable.  (Pioneer's Complaint filed today also identifies additional material procurement flaws under Factors 1 and 2 and in the tradeoff analysis.)

The only alleged material blemish as to Pioneer's past performance reported by ED over the past few years relates to a focused review or call audit conducted by ED under the incumbent 2009 contracts.  But that audit was severely discredited.  Pioneer raised numerous issues relating to the flawed audit before GAO and the COFC.[6]  During the protest litigation before this Court in Coast Professional, Inc. v. United States, COFC Nos. 15-207, 15-242, 15-249, 15-265, as a result of extensive challenges to the audit, ED agreed to re-evaluate Pioneer (and other similarly situated protesters) for award of an ATE order without consideration of the flawed audit.  Despite knowing that the audit was highly suspect and tainted, ED appears to again have relied on the flawed audit or derivative materials as a basis to downgrade Pioneer during the current corrective action.  ED's reliance on materials associated with the discredited audit in the

---

and small business subcontracting, in each quarterly evaluation period.  The CPCS scores are then used to determine whether a contractor earns performance extensions.

[6] In the December 19, 2016 GAO protest where Pioneer raised similar allegations, ED represented to GAO that past performance had no role in Pioneer's exclusion.  Yet, now, a year later and after "corrective action," it appears ED is still relying on the same discredited materials.

11

corrective action shows that the Pioneer protest is not moot and ED has not completed any reasonable corrective action.

GAO's March 27, 2017 decision relating to the present procurement found similar material errors regarding ED' past performance evaluation.  For example, for protester Texas Guaranteed Student Loan Corp. ("TGSL"), ED assessed a rating of satisfactory notwithstanding evidence in ED's possession to the contrary.  General Revenue Corp., 2017 CPD ¶ 106 at 16-17.  For at least three other protesters (Collecto, Inc., TGSL and General Revenue Corporation ("GRC")), GAO found the technical evaluation chair's argument that the offerors' past performance information consisted of "self-serving" statements without "concrete details" was unsupported by the record and undocumented.  Id. at 19-20.  These examples, when compared to Pioneer's versus Performant's and Windham's revised ratings, show that ED has not reasonably completed corrective action.

A review of Pioneer's Factor 2, Management Approach rating as the result of corrective action also demonstrates Pioneer's protest is not moot.  During corrective action, Pioneer's Factor 2 rating was arbitrarily reduced from highly satisfactory to satisfactory notwithstanding no new weaknesses or deficiencies or other reasonable basis for a reduced rating.  These are the hallmarks of an arbitrary and unreasonable evaluation and award and the failure to take reasonable corrective action.

Pioneer has filed today a new protest action in this Court addressing the following protest grounds: ED's (1) failure to reasonably complete and conduct the corrective action, including evaluation and awards; (2) award of IDIQ contracts under Solicitation No. ED-FSA-16-R-0009 to Performant and Windham; and (3) failure to award Pioneer an IDIQ contract.[7]  Among other

---

[7] Pioneer is filing this protest as a new case at the COFC in an abundance of caution.  DOJ counsel has stated that the Government's position is that "Any protest related to the new awards

things, it appears Pioneer received a reduced past performance rating (Factor 1), based on ED's discredited "focused review" or call audit that was withdrawn by ED in <u>Coast Professional, Inc., et al. v United States</u>, COFC Nos. 15-207, 15-242, 15-249, 15-265.  The ED Factor 1, Past Performance, evaluation was arbitrary and materially flawed, especially since it appears to be based on the flawed audit that was subject to numerous infirmities.  The flaws in the audit process were too well known by ED for ED to use any information that relies on the audit.  As a result, ED's purported corrective action is materially incomplete, unreasonable and arbitrary.  In this matter, ED violated the CICA and the provisions of the Federal Acquisition Regulation ("FAR") that ED had committed to follow.  If the agency had followed the applicable requirements, Pioneer would have received an award of an IDIQ contract.

## **CONCLUSION**

Pioneer's protest is not moot.  Pioneer respectfully requests that the Court deny the Defendant's Motion to Dismiss.

Respectfully submitted,

Date:  February 13, 2018     By: /s/ Jonathan D. Shaffer
Jonathan D. Shaffer (jshaffer@smithpachter.com)
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Tysons Corner, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312
*Counsel of Record for Plaintiff*
*Pioneer Credit Recovery, Inc.*

*Of Counsel*:
Mary Pat Buckenmeyer (mbuckenmeyer@smithpachter.com)
Sean K. Griffin (sgriffin@smithpachter.com)
SMITH PACHTER MCWHORTER PLC

---

should be in the form of a new complaint."  While Pioneer believes that the present protest is within the scope of its pending action at the COFC (Nos. 17-449, 17-499), based on the DOJ statement, Pioneer is filing this Complaint as a new action.

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February 2018, Pioneer Credit Recovery, Inc.'s "Response and Opposition to Defendant's Motion to Dismiss" was electronically filed. I understand that notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jonathan D. Shaffer
Jonathan D. Shaffer
